299 So.2d 577 (1974)
Willie J. MEANS, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, et al., Respondents.
No. 45223.
Supreme Court of Florida.
July 10, 1974.
Rehearing Denied September 24, 1974.
Michael R. Masinter and Ann Yalman of Florida Rural Legal Services, Inc., Immokalee, for petitioner.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for respondents.
ADKINS, Chief Justice.
This cause is before us on writ of habeas corpus and return thereto. Fla. Const., art. V, § 3(b)(6), F.S.A.
The petitioner is a prisoner in the DeSoto Correctional Institution and was granted parole on October 4, 1973. By letter dated October 15, 1973, the Commission notified the petitioner that his parole had been granted and that he was to be released from prison on October 23, 1973. Although his parole agreement concerning the terms and conditions of his parole was formulated on October 19, 1973, the petitioner actually never signed the certificate of parole. On October 16, 1973, the Commission rescinded his parole because of a disciplinary report of October 3, 1973. This report stated that petitioner had been found guilty at a disciplinary hearing of violating Furlough Agreement No. 3, which states, "I will refrain from consuming any alcoholic beverages."
Petitioner alleges that his parole was rescinded without being afforded prior notice and an adjudicatory hearing. Petitioner states that he was not present during any consideration of the rescission of his parole, and that at no time was he offered the opportunity to present evidence, cross-examine adverse witnesses, be represented by counsel, or obtain the transcript of the parole rescission determination. Petitioner submits that such rescission of his parole violates the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution.
The question we are confronted with is whether the rescission of petitioner's unexecuted grant of parole without notice and *578 an adjudicatory hearing violated his constitutional rights to procedural due process and equal protection of the law.
In their return to our issuance of the alternative writ, respondents submit that, since petitioner was never per se granted parole in that the parole agreement was never executed by signature of the petitioner, it was not constitutionally impermissible to rescind such unexecuted grant of parole without affording petitioner notice of its intention and a hearing. Respondents rely heavily on the case of Koptik v. Chappell, 116 U.S.App.D.C. 122, 321 F.2d 388 (1963), and the cases cited therein. However, these cases were rendered prior to the recent pronouncements of the United States Supreme Court on this subject.
The landmark decisions of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), laid down the rudimentary constitutional protections the United States Supreme Court felt should be afforded the parolee and probationer. In Morrissey the Court held that the "minimal requirements of due process" in final parole revocation proceedings include
(a) written notice of the claimed violations of parole;
(b) disclosure to the parolee of evidence against him;
(c) opportunity to be heard in person and to present witnesses and documentary evidence;
(d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);
(e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and
(f) a written statement by the fact-finders as to the evidence relied on and reasons for revoking parole.
In Gagnon the Court extended the "minimal due process requirements" set forth in Morrissey to probation revocation proceedings. The Court found that there was no difference relevant to the guarantee of due process between the revocation of parole and the revocation of probation.
We are, naturally, bound by the Supreme Court's determinations in Morrissey and Gagnon to the extent that they establish minimal due process requirements in parole and probation revocation proceedings, and we have so acknowledged in the cases of Bernhardt v. State, 288 So.2d 490 (Fla. 1974), and most recently in Dees v. State, Fla., 295 So.2d 296, opinion filed May 22, 1974. In the instant case, although we are not confronted with a revocation of parole, but rather with the rescission of an unexecuted grant of parole, we cannot distinguish such proceedings in principle insofar as the demands of due process are concerned. Respondents strongly emphasized the fact that petitioner did not sign the parole certificate. Consequently, respondents submit that the lack of such signature and the failure to "fully" execute the parole agreement should necessitate the denial to petitioner of minimal requirements of due process in such rescission. We cannot agree.
The Supreme Court, in considering the applicability of due process standards to parole revocations, declared that procedural protections are due when "an individual will be `condemned to suffer grievous loss'." Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972). Cognizant of the fact that the instant case does not concern parole revocation, we nonetheless find that the rescission of the unexecuted grant of parole inflicted such "grievous loss" on petitioner that he should have been accorded certain procedural protections prior to such rescission. Petitioner was notified by letter dated October 15, 1973, that he had been granted parole effective October 23, 1973. By letter dated October 16, 1973, petitioner was told that his grant of parole *579 was rescinded because of a prior disciplinary report. We feel that the consequences of this summary deprivation of petitioner's prior grant of conditional liberty was a "grievous loss," as great as the revocation of a parolee's or a probationer's conditional liberty.
The California Supreme Court case of In re Prewitt, 8 Cal.3d 470, 105 Cal. Rptr. 318, 503 P.2d 1326 (1972), is of special significance. The Court concluded that the minimum due process requirements of Morrissey, with the exception of the preliminary hearing, are constitutionally required for parole rescission hearings. In so holding, the Court recognized that the "grievous loss" suffered by the person whose parole is revoked is no different than the "grievous loss" suffered by the person whose unexecuted grant of parole is rescinded. The court stated:
"Although the proceedings of which petitioner complains were not for revocation of parole but for rescission of an unexecuted grant of parole, we can perceive no significant distinction between the deprivation of the right to conditional liberty enjoyed by a parolee after release and the deprivation of the right to achieve such liberty after a grant thereof but before the dated fixed for release. In either event the parolee has been deprived of a valuable if limited right to be free .. . and the same or substantially the same protection must be accorded him in effecting that deprivation." (Emphasis ours.) 105 Cal. Rptr. 318, 322, 503 P.2d 1326, 1330.
The Supreme Court of the United States has decided that probationers and parolees are entitled to due process at revocation hearings. In applying this principle as set forth in Gagnon v. Scarpelli, supra, and Morrissey v. Brewer, supra, there is no difference relevant to the guarantee of due process between a revocation of parole and a rescission of parole. In the case sub judice, the Parole and Probation Commission acted without giving petitioner notice or a hearing by which he could have conveyed an excuse or an instance of mitigation which may have affected the decision for rescission.
We hold that, with the exception of the preliminary hearing, the minimal requirements of due process enumerated in the case of Morrissey v. Brewer, supra, are to be applied in parole rescission proceedings once a person has been notified of his grant of parole, even though such grant has been unexecuted.
The writ of habeas corpus should issue. The Petitioner should be placed upon parole unless he is afforded a parole rescission hearing consistent and conforming to the due process mandate as outlined in Morrissey v. Brewer, supra, within thirty (30) days of the filing of this opinion.
It is so ordered.
ROBERTS, ERVIN, BOYD and McCAIN, JJ., concur.