354 So.2d 366 (1977)
David P. DEMAR, Petitioner,
v.
Louie L. WAINWRIGHT, etc., et al., Respondents.
No. 52035.
Supreme Court of Florida.
November 30, 1977.
Rehearing Denied February 22, 1978.
Philip J. Padovano of Ruiz, Padovano & Schrader, St. Petersburg, for petitioner.
Robert L. Shevin, Atty. Gen., and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for respondents.
*367 KARL, Justice.
This cause is before us on writ of habeas corpus and return thereto. Article V, Section 3(b)(6), Florida Constitution.
Petitioner was charged, by information dated November 6, 1974, with having broken and entered a building other than a dwelling with the intent to commit a misdemeanor and, by information filed December 18, 1974, with the crime of grand larceny. He entered a plea of guilty to both charges, was convicted and was sentenced to two concurrent terms of six months to two years.
On May 26, 1977, the Florida Parole and Probation Commission entered its order granting parole to petitioner.
By letter dated May 30, 1977, petitioner was notified by the Parole and Probation Commission that he had been granted parole. He was scheduled to be released on parole June 21, 1977.
A disciplinary report dated June 1, 1977, was filed against petitioner by Ron Warren, a correctional counselor, charging petitioner with conspiracy or attempting to conspire with others to bring marijuana into the prison on May 29, 1977. On June 2, 1977, a copy of this disciplinary report was delivered to petitioner. Petitioner admitted, in a signed statement, that he assisted a resident in bringing the contraband into the prison. The disciplinary committee accepted petitioner's plea of guilty and found him guilty as charged by his own admission.
Thereafter, the Florida Parole and Probation Commission, by order dated June 8, 1977, rescinded petitioner's parole. By letter dated June 14, 1977, petitioner was notified that the Commission had rescinded his parole.
Petitioner, in his petition for writ of habeas corpus, alleges that his parole was rescinded without prior notice and an adjudicatory hearing, that he was not present during any consideration of the rescission of his parole and that at no time was he offered the opportunity to present evidence, cross-examine adverse witnesses, be represented by counsel or obtain a transcript of the parole rescission determination.
This Court issued the writ, and return has been filed by respondents. In their return, respondents concede that petitioner did not have a hearing as contemplated by this Court's decision in Means v. Wainwright, 299 So.2d 577 (Fla. 1974).
We are here confronted with the identical question that was raised in Means v. Wainwright, supra, that is whether the rescission of petitioner's unexecuted grant of parole without notice and an adjudicatory hearing violated his constitutional rights to procedural due process and equal protection of the law. Therein, this Court determined that with the exception of the preliminary hearing, the minimal due process requirements enumerated in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), are to be applied in parole rescission proceedings once a person has been notified of his grant of parole, even though such grant has been unexecuted. In Means v. Wainwright, this Court reasoned:
"Cognizant of the fact that the instant case does not concern parole revocation, we nonetheless find that the rescission of the unexecuted grant of parole inflicted such `grievous loss' on petitioner that he should have been accorded certain procedural protections prior to such rescission... .
.....
"The Supreme Court of the United States has decided that probationers and parolees are entitled to due process at revocation hearings. In applying this principle as set forth in Gagnon v. Scarpelli, supra [411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)], and Morrissey v. Brewer, supra, there is no difference relevant to the guarantee of due process between a revocation of parole and a rescission of parole. In the case sub judice, the Parole and Probation Commission acted without giving petitioner notice or a hearing by which he could have conveyed an excuse or an instance of mitigation which may have affected the decision for rescission."
*368 We adhere to our decision in Means v. Wainwright, supra, and find it to be controlling sub judice.
Accordingly, the writ of habeas corpus should issue and petitioner should be placed upon parole unless he is afforded a parole rescission hearing consistent with and conforming to the due process requirements set out in Morrissey v. Brewer, supra, within thirty days of the filing of this opinion.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD and ENGLAND, JJ., concur.