SMITH, Acting Chief Judge.
The Department of Health and Rehabilitative Services petitions for review of intermediate agency action in the form of an order of a hearing officer of the Division of Administrative Hearings, Department of Administration, denying the Department’s motion to dismiss respondents’ rule-challenge petition pursuant to Section 120.56, Florida Statutes (1977). Respondents contend that the Department has issued a declaratory statement, Section 120.565, which constitutes an illicit rule not promulgated in accordance with Section 120.54. See Price Wise Buying Group v. Nuzum, 343 So.2d 115 (Fla. 1st DCA 1977). This court has jurisdiction pursuant to Section 120.68(1) and Fla.R.App.P. 9.100. Fiat Motors of North America, Inc. v. Calvin, 356 So.2d 908 (Fla. 1st DCA 1978).
*505 The thrust of respondents’ position before this court, and of their petition now pending before the hearing officer, is that the Department, by issuing a declaratory statement as to the applicability of a statute, rule or order, in response to a petition for such á statement, uttered a statement of general applicability for which Section 120.54 rulemaking proceedings are essential. The Department denies that its declaratory statement is in whole or part a “rule”; and, more to the present point, the Department urges, rightly we think, that the Administrative Procedure Act and its Section 120.56 do not vest jurisdiction in a hearing officer to invalidate or obliterate an agency’s declaratory statement, regularly issued under Section 120.565, as in whole or part a rule.
We have recognized that Section 120.56 rule-challenge proceedings are appropriate to test and declare invalid informal agency policy declarations of general applicability which were promulgated without the requisite formality of rules. State Dep’t of Admin. v. Stevens, 344 So.2d 290 (Fla. 1st DCA 1977). But neither the letter nor the purposes of the Act justify subjecting formal agency statements, in declaratory statements rendered pursuant to Section 120.565, or in orders entered pursuant to Sections 120.57 and .59, to such collateral scrutiny and review by hearing officers. Section 120.565 declaratory statements constitute “final agency action” and they are reviewable, in the same way as orders entered in Section 120.57 proceedings, by timely petition in a district court of appeal. Section 120.68. Nothing in the Act gives hearing officers collateral review power over final agency action taken after regular proceedings under other provisions of the Act. See State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (Fla. 1st DCA 1974), cert. dismissed, 300 So.2d 900 (Fla.1974).
Respondents have expressed concern that persons not parties to a Section 120.565 proceeding, who therefore are not in a position to seek judicial review of the resulting declaratory statement, may later be adversely affected by the agency’s enforcement against them of its interpretation of law thus announced. That is true. Agency orders rendered in Section 120.57 proceedings may in the same way indirectly determine controversies and affect persons yet unborn. But the rule is stare decisis, not res judicata. If such a person’s substantial interests are to be determined in the light of a prior agency order or declaratory statement, Section 120.57 proceedings will afford him the opportunity to attack the agency’s position by appropriate means, and Section 120.68 will provide judicial review in due course.
To permit a Section 120.56 collateral attack on a declaratory statement or other agency order would blur the distinction between the Act’s remedies, recognized in Florida Dep’t of Offender Rehabilitation v. Jerry, 353 So.2d 1230, 1232 (Fla. 1st DCA 1978), and would encourage forum-shopping. One of the individual respondents, Dr. Samuel J. Barr, and two persons who are within the class purportedly represented before the hearing officer by respondent Scott, previously petitioned this court for direct review of the declaratory statement which they now attack before the hearing officer. But, having within their grasp a judicial determination of whether the Department’s declaratory statement was in any respect erroneous, those parties voluntarily dismissed the petition for review in order to initiate this collateral attack.
The petition for review is GRANTED and the rule-challenge proceeding before the hearing officer will be DISMISSED.
ERVIN and BOOTH, JJ., concur.