ROBERT P. SMITH, Jr., Judge.
Florida Institutional Legal Services, Inc. (FILS) appeals from action by the Commission, expressed in its counsel’s letter which we treat as the appealable equivalent of a final agency order, Rice v. Dept. of Health and Rehab. Serv., 386 So.2d 844 (Fla. 1st DCA 1980), in part granting and in part denying FILS’s petition for agency rule-making on various subjects and “to provide the minimum public information required by s. 120.53.” Section 120.54(5), Florida Statutes (1979). The Commission’s voluntary accession to several FILS requests leaves for our consideration only the limited issues of (1) whether FILS had standing to petition for Section 120.54(5) remedies; if so, (2) whether the Commission was bound *249 to grant the petition for compliance with Section 120.53, requiring rules of organization, practice, and procedure, rules for the scheduling of hearings and prescribing a public agenda, and public information resources including “a current subject-matter index” of rules and orders; and (3) whether the Commission is bound to adopt a rule directing that a Commissioner or the Commission rather than its hearing examiner panels conduct the prison interviews which the Commission accepts as evidence in parole rescission matters.
 Petitions for Section 120.54(5) relief may be initiated by “any person regulated by an agency or having a substantial interest in an agency rule . . . . ” That rather liberal test of standing-in contrast to somewhat more restrictive standards written elsewhere in the APA, see Dept, of Offender Rehab. v. Jerry, 353 So.2d 1230 (Fla. 1st DCA 1978), cert. den., 359 So.2d 1215 (Fla.l978)-includes all prisoners, for they are not barred from Section 120.54(5) remedies by the restrictions stated in Section 120.52(10). Comer v. Parole and Probation Comm’n, 388 So.2d 1341 (Fla. 1st DCA 1980). Standing is also afforded FILS, a legal services corporation which by contract with the Commission provides indigent inmates representation and other legal services in parole matters, and which therefore has a “substantial interest” in rules and information of the kind sought. Having standing to petition for the agency action authorized by Section 120.54(5), and being aggrieved by the Commission’s refusal in part to grant the relief petitioned for, FILS is “a party who is adversely affected by final agency action” and is entitled to a Section 120.68 appeal.
As an agency subject to the Administrative Procedure Act, Turner v. Wainwright, 379 So.2d 148 (Fla. 1st DCA 1980), aff’d, 389 So.2d 1181 (Fla.1980), the Commission is bound to adopt the practice and procedure rules which Section 120.53 states “each agency shall” adopt, and the Commission must, in the words of Section 120.54(5), “provide the minimum public information required by s. 120.53.” We do not construe Sections 947.07 and 947.071 as exempting the Commission from the uniform requirements of Section 120.-53.* The Commission is therefore obliged to adopt rules for the preparation of an agenda meeting the specificity standards of Section 120.53(l)(d) and the model rules, Fla.Admin.Code R. 28-2.03, and the Commission must also maintain a current subject-matter index, identifying for the public any rule or order issued or adopted after January 1, 1975, including the functional equivalents of orders such as that which we review today, declaratory statements issued by the Commission pursuant to Section 120.565, and Commission determinations of presumptive and effective parole release dates, parole rescission determinations, parole revocation orders, and other final agency decisions which are equivalent to “orders.” Section 120.52(2), (9).
We need not reach the remaining questions, which are whether the Commission must make substantive rules particularizing “aggravating and mitigating circumstances” as employed in Section 947.172(2) and “good cause in exceptional circumstances” as employed in Section 947.173(3). The Commission having announced its intention to conduct rulemaking in respect to those statutory standards, we need not consider whether it is obliged to do so, nor the extent of substantive rulemaking which we may order. See FEA/United v. PERC, 346 So.2d 551 (Fla. 1st DCA 1977).
Appellant’s final argument is that the Commission is obliged to adopt a rule of *250 practice or procedure specifying that a Commissioner or the Commission, rather than a hearing examiner panel, will conduct the fact-finding interviews, usually in a prison setting, which inform the Commission in its decisions to rescind effective parole release dates previously fixed by the Commission. Demar v. Wainwright, 354 So.2d 366 (Fla.1978) requires the Commission, when rescinding paroles previously granted prisoners who are not yet released, to comply with the due process standards specified for parole revocation in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Parole revocation hearings are conducted bythe Commission or a Commissioner. Section 947.23. From that it does not follow that the Commission or a Commissioner must perform all similar functions in rescission cases. Morrissey requires only that the hearing body be “neutral and detached.” The Commission’s existing Rule 23-16.091, citing Demar and by that reference Morrissey, is notice of the standards to be observed in rescission proceedings. FILS has not shown a legal entitlement to further rulemaking on the subject.
The Commission’s order is AFFIRMED in part and REVERSED in part.
SHAW, J., concurs.
BOOTH, J., specially concurs with opinion. '

 Section 947.07, enacted long before the 1974 APA, provides:
The commission shall have power to make such rules and regulations as it deems best for its governance, including among other things rules of practice and procedure and rules prescribing qualifications to be possessed by its employees.
Section 947.071 provides:
It is the intent of the Legislature that all rulemaking procedures by the commission shall be conducted pursuant to the Florida Administrative Procedure Act, chapter 120.