PER CURIAM.
The Florida Parole and Probation Commission appeals from a- trial court order denying its motion for rehearing of a writ *1087 of mandamus and requiring it to conduct a de novo parole hearing for the benefit of appellee. „
The only question presented is whether notice of a meeting of the Florida Parole and Probation Commission published in the Florida Administrative Weekly is sufficient public notice under the “sunshine law,” Section 286.011, Florida Statutes. We hold, as a matter of law, that it is.
The Florida Parole and Probation Commission is subject to both the sunshine law and the administrative procedures act.[1] Accordingly, the Commission must provide public information, including notice of scheduled meetings, as required by Section 120.53, Florida Statutes.[2] The method for providing such information is established by Section 120.55, Florida Statutes, which provides for the publication and distribution of the Florida Administrative Weekly.
The Commission presented evidence that it had complied with the sunshine law for the first time with its motion for rehearing. While we recognize that the decision to grant rehearing to consider additional evidence is within the sound discretion of the trial judge,[3] we hold it was an abuse of discretion to require the Commission to conduct a de novo public hearing, once it became apparent that the original hearing was public.[4]
The trial judge was apparently somewhat outdone with the dilatory actions of the Commission in this case, and we share his concern. While we recognize that a certain amount of confusion naturally attends a change in the law governing the activities of an agency, we are not convinced that administrative confusion excuses the excessive delay in this case.
The order denying the Commission’s motion for rehearing is reversed and the writ of mandamus is vacated.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.

. Turner v. Wainwright, 379 So.2d 148 (Fla. 1st DCA 1980), affirmed 389 So.2d 1181 (Fla.1980).

. Florida Institutional Legal Services v. Florida Parole and Probation Commission, 391 So.2d 247 (Fla. 1st DCA 1980).

. Maryland Casualty v. Murphy, 342 So.2d 1051 (Fla. 3rd DCA 1977).

.Appellee originally filed a petition for writ of habeas corpus, which the trial court treated as a petition for writ of mandamus. Mandamus is an extraordinary writ and should not be granted when it will achieve no beneficial result, such as when the act sought to be compelled has been performed. City of Winter Garden v. Norflor Construction Corporation, 396 So.2d 865 (Fla. 5th DCA 1981).