PER CURIAM.
Petitioner, an inmate at Florida State Prison, became eligible for parole in January, 1981. He was given a parole release date conditioned on his waiver of extradition to Maryland. He refused to sign a waiver of extradition procedures and the parole did not become effective. Petitioner has time to serve on a sentence involving another criminal conviction in Maryland. Another offer of parole was “rescinded” in April, 1981, for the same reason.[1]
Petitioner asserts that the Florida Parole and Probation Commission does not have authority to make waiver of his right to statutory extradition procedures a condition of parole in the manner here attempted. The extradition rights of an accused person are set forth in § 941.10, Florida Statutes (1979), a law administered by prescribed officers other than the Commission. The Commission has, however, withheld parole because petitioner has not agreed, as a condition of parole, to sign a waiver of such statutory rights.[2]
The parole plan offered by the Commission contemplated parole to Maryland where petitioner would serve his Maryland sentence while on parole from his Florida sentence. Parole compacts with other states are governed by § 949.07, Florida Statutes (1979), which declares that “[a]ll legal requirements to obtain extradition of fugitives from justice are hereby expressly waived on the part of states party hereto as to such persons.” (§ 949.07(3)) (e.s.). Waiver is accordingly accomplished by the statute itself, and petitioner’s refusal to accept the terms offered constituted a rejection of the Commission’s proper offer of parole.
We conclude also that the Commission committed no error by holding petitioner following his rejection of proffered parole. It has authority to withhold a grant of parole after authorizing an effective parole release date, if the parties are unable to agree on a satisfactory release plan, or to *586 agree to the terms and conditions of parole. § 947.174(6)(b), Florida Statutes (1979). Even assuming the Commission should have included in the proposed parole plan a reference to its authority for parole to Maryland pursuant to § 949.07, petitioner presents no facts or law supporting any right to parole on terms other than those offered. Petitioner did not accept the plan offered him, and the Commission, therefore, properly withheld parole.
The petition for writ of mandamus is denied.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.

. Petitioner also claims that the Commission has violated its rules and the decision in Demar v. Wainwright, 354 So.2d 366 (Fla.1977) (holding that the minimum due process rights afforded one in a parole revocation are required in parole rescissions also), by failing to conduct a rescission hearing once his effective parole release date had been established. See § 947.-174(6)(b), Florida Statutes (1979), and Fla.Admin.Code Rule 23-16.091 (repealed Sept. 1, 1981). This issue is not addressed because, although the Commission called its action a parole rescission, parole had not actually been granted petitioner.

. This case is complicated by the Commission’s failure to adhere to the statutes and its own rules in that there appears to have been no formal written offer of parole, as required by § 947.19(1), Florida Statutes (1979), and Fla. Admin.Code Rule 23-21.15(6). However, petitioner apparently had knowledge that he was wanted in Maryland, although Maryland had not formally lodged a detainer against him. This is also unclear from the record, which contains only a letter from Maryland authorities requesting that a detainer remain in effect while petitioner served his Florida sentence.