PER CURIAM.
Appellants claim to be seeking judicial review of declaratory statements [1] made to them by the Florida Parole and Probation Commission (Commission), concerning the criteria used to establish their presumptive parole release dates (PPRD). However, appellants are in fact seeking judicial review of their PPRDs.[2] The Objective Parole Guidelines Act, § 947.173(1), Fla.Stat. (1981), provides a procedure for Commission review of its action in setting a PPRD and this Court has declared its appellate jurisdiction to review the Commission’s final action of reviewing the PPRD once established, pursuant to § 120.68, Fla.Stat. (1981). See Daniels v. Florida Parole and Probation Commission, 401 So.2d 1351 (Fla. 1st DCA, 1981). Appellants did not utilize the specific, statutorily created procedure for review, which requires that they appeal their PPRDs within 60 days of Commission action setting the date. Instead, subsequent to the setting of their' PPRDs,[3] appellants sought declaratory statements from the Commission. They now ask this Court to review their PPRDs when they have not exhausted their administrative remedies.
We have held in other cases, that considerations of orderly administration of justice under the Florida Administrative Procedure Act preclude entertaining collateral attacks of nonfinal agency action when an alternative adequate remedy exists. See e.g., Key Haven Associated Enterprises, Inc. v. Board of Trustees of the Internal Improvement Trust Fund, 400 So.2d 66 (Fla. 1st DCA 1981); Rice v. Department of Health and Rehabilitative Services, 386 So.2d 844 (Fla. 1st DCA 1980); State, Department of Health and Rehabilitative Services v. Barr, 359 So.2d 503 (Fla. 1st DCA 1978); and State, Department of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977). Under the particular facts of these cases, the petitions for declaratory statements constitute unnecessary collateral attacks on nonfinal agency orders when those orders were clearly reviewable according to the statutorily prescribed procedure, *1331 § 947.173(1), Fla.Stat. (1981). This Court could then have conducted a § 120.68 judicial review of the Commission’s final action in each of the appellants’ cases.[4] See generally, Turner v. Wainwright, 379 So.2d 148 (Fla. 1st DCA 1980); Florida Institutional Legal Services, Inc. v. Florida Parole and Probation Commission, 391 So.2d 247 (Fla. 1st DCA 1980); and Daniels v. Florida Parole and Probation Commission, supra.
The Commission may, in its own discretion, answer prisoners’ requests for information, but such communications are not final agency action and this Court will not treat them as declaratory statements as described in § 120.565, Fla.Stat. (1981).[5]
We find, under the circumstances of these cases, that we lack jurisdiction to review the Commission’s action here. Accordingly, the motions to dismiss are granted.
BOOTH, SHIVERS and JOANOS, JJ., concur.

. Section 120.565, Fla.Stat. (1981), provides that each agency shall establish rules regulating the procedure for entertaining petitions for declaratory statements. Accordingly, the Florida Parole and Probation Commission has promulgated Fla.Admin.Code Rules 23-15.06-15.-09 to comply with the Florida Administrative Procedure Act. These rules must be read in conjunction with the limitations imposed upon their use by Fla.Admin.Code Rule 28-4.05, defining what constitutes a declaratory statement”.

. Mr. Davis’ notice of appeal indicates he is appealing a Commission order establishing his PPRD. Mr. Law’s brief argues that the Commission erred in aggravating him for an act which he was not charged with committing. These are issues properly raised by § 947.-173(1) review of PPRDs.

.Mr. Davis sought his declaratory statement one month after the Commission established his PPRD; he would have been able to have his PPRD reviewed by the Commission had he sought review via § 947.173(1). Mr. Law sought his declaratory statement almost five months after the establishment of his PPRD. This exceeds the 60-day time limit provided in § 947.173(1).

. Review of declaratory statements cannot give the relief appellants seek, to-wit, change of their PPRDs. See Florida Rock and Tank Lines, Inc. v. Hawkins, 372 So.2d 447, 448 (Fla.1979) (Chief Justice England dissenting).

. See Couch v. State, 377 So.2d 32 (Fla. 1st DCA 1979) (holding that the same doctrines as are relied upon for determining whether issuing a declaratory judgment is proper are relied upon for issuance of declaratory statements by agencies). In the area of declaratory judgments and declaratory statements, two applicable principals must be considered: judicial restraint and a showing of “actual, present and practical need for a declaratory judgment. .. . ” Couch, supra, at 33.