PER CURIAM.
Appellee, the department of insurance (the department), moves to dismiss this appeal arguing that appellant is seeking to improperly collaterally attack a declaratory statement issued by the department. We agree and grant the motion to dismiss.
In 1988, appellant filed with the department a petition for declaratory statement. The department filed the requested declaratory statement on August 5, 1988, and when appellant sought clarification, the department filed an amended declaratory statement on September 2, 1988. The department informed appellant of its right to appeal within 30 days, however, no appeal was taken.
*58 Appellant then sent the department a proposed marketing plan to determine whether it was in compliance with the declaratory statement. The department answered by letter dated September 27, 1989, stating that “all activities presented in your proposed marketing plan which are consistent with the amended declaratory statement are acceptable, and those proposed activities which are inconsistent with the declaratory statement are unacceptable.” Appellant then filed a notice of administrative appeal of the department’s letter.
The department now moves to dismiss this appeal, arguing that the letter is not final agency action, but directs appellant to refer to the declaratory statement. The department states that appellant should not be able to resurrect the opportunity for judicial review of the declaratory statement where appellant failed to take an appeal from the final agency action. Finally, the department argues that the declaratory statement should not now be subjected to collateral attack by way of appellant’s appeal of the department’s letter.
We agree. The declaratory statement constituted final agency action and was reviewable by petition to this court. State Dep’t. of Health and Rehab. Serv. v. Barr, 359 So.2d 503 (Fla. 1st DCA 1978). Appellant may not unilaterally extend the time for review of a final declaratory statement by engaging in extended negotiations with the agency. Appellant seeks to improperly collaterally review the declaratory statement when the time to petition for review has long passed. Law v. Florida Parole and Probation Comm’n., 411 So.2d 1329 (Fla. 1st DCA 1982).
The motion to dismiss is granted.
SHIVERS, C.J., and WENTWORTH and MINER, JJ., concur.