Mr. Stephen C. Fredrickson Division of Legal Services Department of Insurance 412 Larson Building Tallahassee, Florida 32399-0300
Dear Mr. Fredrickson:
You have asked on behalf of the Florida Bail bond Regulatory Board (board) substantially the following questions:
1. May the board adjourn a properly noticed meeting and, without further publication of notice, reconvene within seven days in order to complete business from the agenda of the adjourned meeting?
2. If there is no quorum of the board's members, may the meeting be reconvened at a later date within seven days to conclude matters on the agenda?
3. If during a meeting, a quorum is not present, must the meeting adjourn or recess until a quorum is present?
4. If not required to adjourn or recess, may the meeting continue with discussion of matters properly before the board?
In sum:
1 2. In order to comply with the Government in the Sunshine Law, the board should notice each gathering or meeting where two or more of its members discuss some matter upon which foreseeable action will be taken by the board.
3. 4. Section 648.265(5), F.S., requires a quorum of four members of the board in order to conduct business.
Questions One and Two
Section 286.011(1), F.S., Florida's Government in the Sunshine Law, provides:
All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
The statute mandates that all meetings of any board or commission of any state agency at which official acts are to be taken shall be public meetings open to the public at all times. This open meeting requirement has been judicially determined to extend to the entire decision-making process of a board or commission.[1]
Thus, the law is applicable to any gathering of two or more members of the same board or commission to discuss matters upon which foreseeable action will be taken by the board or commission.[2]
While s. 286.011, F.S., does not specify any notice requirements, the courts have stated that, as a practical matter, in order for a public meeting to be "public," reasonable notice of the meeting must be given.[3] Furthermore, if no notice of a meeting is given to the public, there is a potential violation of the Government in the Sunshine Law.[4]
This office has recognized that the type of notice which must be given depends upon the facts of the situation. In each case, however, an agency or commission must give notice at such time and in such manner as will enable the press and other interested members of the public to attend the meeting.[5] Even though a quorum is not present, due public notice is required.[6]
If a board or commission is subject to Ch. 120, F.S., the Administrative Procedures Act, that act must be considered in conjunction with s. 286.011, F.S.[7] It has been judicially determined, however, that notice of a board or commission meeting published in the Florida Administrative Weekly pursuant to Ch.120, F.S., constitutes sufficient public notice under s. 286.011, F.S.[8]
In light of the requirement that meetings where official actions or discussions of subjects upon which foreseeable action may be taken are to be open to the public and, therefore, must be noticed, this office has suggested the following guidelines:
1. The notice should contain the time and place of the meeting and, if available, an agenda (if no agenda is available, subject matter summations might be used).
2. The notice should be prominently displayed in the agency's office set aside for that purpose.
3. Emergency sessions should be afforded the most appropriate and effective hours reasonable notice under the circumstances and special meetings should have at least twenty-four hours notice to the public.
4. The use of press releases or telephone calls to the wire services and other media is highly effective. On matters of critical public concern, advertising in the local newspaper of general circulation would be appropriate.
As the Government in the Sunshine Law has been interpreted by the courts and this office, each gathering or meeting of a board or commission must be properly noticed in order to comply with s.286.011, F.S. To allow a meeting noticed for a specific date, time and location to be continued to a future date, time and location without further proper notice, would effectively open the future meeting only to those individuals who attended the initial meeting. This leaves to chance that interested members of the public who happened not to be in attendance at the properly noticed meeting would receive notice of the future meeting.
I have not found any provision in s. 286.011, F.S., which would allow a meeting which was noticed for a specific date, time and location to be continued at a future date, time and place without further notice of the subsequent meeting. In light of the spirit of the Government in the Sunshine Law and its possible violation when a meeting is not properly noticed, it appears advisable to provide public notice of each meeting or succession of meetings.
Questions Three and Four
Section 648.265(1), F.S., creates in the Department of Insurance a Bail Bond Regulatory Board consisting of seven members charged, along with the Department of Insurance, with the administration of Ch. 648, F.S. Section 648.265(5), F.S., provides as follows:
The board shall hold such meetings during the year as it deems necessary. The chairman, a majority of the board, or the Insurance Commissioner has the authority to call meetings. A quorum is necessary for the conduct of business by the board. Four members constitute a quorum.
The statute requires a quorum before the board may conduct business. As noted above, however, due public notice is required for a meeting even though a quorum is not present.
In light of the statutory requirement of a quorum before business may be conducted by the board, it appears that business should not continue to be conducted if, during a meeting, a quorum is not present.[9]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Times Publishing Company v. Williams, 222 So.2d 470, 473
(2 D.C.A. Fla., 1969).
[2] See, Hough v. Stembridge, 278 So.2d 288 (3 D.C.A. Fla., 1973).
[3] See, Id. at 291 and Yarbrough v. Young, 462 So.2d 515, 517 (1 D.C.A. Fla., 1985).
[4] See, AGO 74-273.
[5] See, AGO's 73-170 and 80-78.
[6] See, AGO 71-346 (official meeting of a committee of city council members should be publicly noticed even though the committee membership is less than a quorum of the city council).
[7] See, e.g., s. 120.53(1)(d), F.S., requiring agencies subject to Ch. 120, F.S., to adopt rules for the scheduling of meetings, hearings and workshops, one of which requires the preparation of an agenda.
[8] See, Florida Parole and Probation Commission v. Baranko,407 So.2d 1086 (1 D.C.A. Fla., 1982).
[9] See, AGO 83-100, generally discussing the requirement of the presence of a quorum before official business may be conducted by a public body. And see, 73 C.J.S. Public Administrative Law and Procedure, s. 20, p. 390 (where a unanimous, rather than simple majority vote, is required, decision is not invalidated by the absence of a member during the presentation of the evidence, but who participates in the decision after familiarizing himself with the evidence before voting). Cf., AGO 71-346.