GRIFFIN, Judge.
Appellant, the Department of Revenue [“DOR”], timely appeals the lower court’s summary final judgment in favor of Accredited Surety & Casualty Co., Inc. [“Accredited”]. The issue is whether the lower court erred in striking DOR’s affirmative defenses of judicial/administrative estoppel and res ju-dicata. We reverse.
Accredited is a surety company licensed in Florida. Accredited guarantees payment if a bondsman is unable to pay when a bond is forfeited. A bondsman may take collateral from a person seeking the bond, including mortgages.
On May 24, 1991, Accredited filed a request for a Declaratory Statement with the DOR seeking a determination, pursuant to section 120.565, Florida Statutes, whether a documentary stamp tax is due on a recorded mortgage executed in favor of a bail bonds-person where the mortgage secures a contingent promissory note. On June 27, 1991, DOR issued its Declaratory Statement ruling that such a mortgage is properly subject to the documentary stamp tax. Accredited appealed the agency decision. The First District Court of Appeal affirmed the Statement in a per curiam decision without a written opinion. Accredited Sur. & Cas. Co. v. State, Dep’t of Revenue, 596 So.2d 1059 (Fla. 1st DCA1992).
On May 30, 1990, Robert and Janet Hart-mann executed a mortgage in favor of Accredited to secure a bond for Daniel Santan-gelo. Arthur and Helga Fergien executed a mortgage on August 20, 1993 to secure a bond for Pedro Vasquez. Both mortgage deeds provided, “[T]his Mortgage Deed is solely to secure future advances which may be made by the mortgagee to the mortgagor up to and including the amount of.... “In addition, each mortgage contained a promissory note entitled “Contingent Promissory Note.” No money was advanced under either mortgage.
On March 15, 1995, the DOR issued to Accredited its Notice of Decision which assessed tax, penalties and interest on these bail bond mortgages. Accredited filed the action below pursuant to section 72.011(1), Florida Statutes (1993) contesting the assessment, arguing the mortgages were contingent and that no obligation to pay accrued until the contingency happened.
The company deposited the contested assessments into the court registry. In its answer the DOR raised, inter alia, affirma *616 tive defenses of judicial/administrative estop-pel and res judicata based on the prior Declaratory Statement proceeding. Accredited filed a motion to strike the DOR’s affirmative defenses. The court ruled that.the prior proceeding did not preclude Accredited from litigating this issue and that because the prior decision of the First District contained no written opinion, the DOR could not assert judicial/administrative estoppel or res judica-ta. Both parties then filed motions for summary judgment. The lower court issued its summary final judgment, ruling that the mortgages at issue secure future advances; thus, section 201.08(1), Florida Statutes (1993) exempts them from the documentary stamp tax.
The lower court erred in considering this case on the merits because collateral estoppel barred its relitigation by Accredited. Accredited’s argument that this case is different from the prior Declaratory Statement lacks merit. The sole differences identified are:
1. bail bond mortgages in this case were executed in different jurisdictions;
2. the date of execution;
3. the indemnitors;
4. the location of the real property;
5. the amount of the bond; and
6. the interest rate.
There is no contention that the mortgages differ in their substance or that the legal issue presented is different in any way. The diffex-ences identified do not affect the issue disposed of in the prior proceeding between Accredited and DOR. Similarly, there is no merit to the claim that collateral estoppel does not apply because the First District Court of Appeal did not write an opinion. The issue is not the precedential value of the Declaratory Statement but its collateral es-toppel or res judicata effect as between these two parties. See Department of Legal Affairs v. District Court of Appeal, 5th Dist., 434 So.2d 310, 312 (Fla.1983); Red Carpet Corp. v. Roberts, 443 So.2d 377, 379 (Fla. 1st DCA 1983), review denied, 488 So.2d 68 (Fla.1986). Cf. State Dep’t of Health and Rehab. Servs. v. Barr, 359 So.2d 503 (Fla. 1st DCA 1978).
REVERSED and REMANDED.
GOSHORN, J., concurs.
DAUKSCH, J., dissents, without opinion.