ROTHENBERG, J.
 

 On Motion to Dismiss
 

 AmeriLoss Public Adjusting Corp. (“AmeriLoss”) appeals from a declaratory statement issued by the Florida Department of Financial Services (“Department”) in In the Matter of Clyde Lightbourn (“Declaratory Statement”). The Department moves to dismiss the appeal, arguing that AmeriLoss has no standing to bring the instant appeal as it was not a party to the Declaratory Statement. We agree with the Department and, therefore, dismiss the appeal.
 

 On August 24, 2005, in anticipation of Hurricane Katrina, the Governor of the state of Florida issued an Executive Order declaring the existence of a state of emergency, which was extended until November 26, 2005. On August 25, 2005, Clyde Lightbourn’s (“Lightbourn”) property was damaged by Hurricane Katrina, and thereafter, his insurer paid on the claim.
 

 On September 3, 2006, rule 69B-220.201, Florida Administrative Code, went into effect, setting forth ethical requirements applicable to public adjusters. This appeal involves the applicability of rule 69B-220.201(5) to an agreement that Lightb-ourn and AmeriLoss, a public adjusting firm, subsequently entered into on January 4, 2007 (“Agreement”). Rule 69B-220.201(5) provides:
 

 (5) Public Adjusters, Ethical Constraints During State of Emergency. In addition to considerations set forth above, the following ethical considerations shall apply to public adjusters in the event that the Governor of the State of Florida issues an Executive Order, by virtue of the authority vested in Article IV, Section 1(a) of the Florida Constitu
 
 *109
 
 tion and by the Florida Emergency Management Act, as amended, and all other applicable laws, declaring that a state of emergency exists in the State of Florida:
 

 [[Image here]]
 

 (b) As to any one (1) insured or claimant, no public adjuster shall charge, agree to, or accept as compensation or reimbursement any payment, commission, fee, or other thing of value equal to more than ten percent (10%) of any amount of any insurance settlement or claim payment.
 

 [[Image here]]
 

 (d) This subsection applies to all claims that arise out of the events that created the State of Emergency, whether or not the adjusting contract was entered into while the State of Emergency was in effect and whether or not a claim is settled while the State of Emergency is in effect.
 

 The Agreement provided that Lightbourn would pay AmeriLoss 3B 1/3% of any supplemental claim it recovered from Lightb-ourn’s insurer for damage caused by Hurricane Katrina.
 

 After AmeriLoss recovered additional funds on Lightbourn’s behalf, a dispute arose as to the percent AmeriLoss was entitled to recover. In May 2008, the Department asked AmeriLoss to respond to an inquiry for information the Department received from Lightbourn and his counsel, Thomas Blake, as to whether the Agreement complied with the ethical requirements of the Florida Administrative Code. In June 2008, AmeriLoss issued its response, and in July 2008, the Department sent a letter to Mr. Blake, stating: “The statute applies only to storms that are declared as a state of emergency on or after September 3, 2006 and contracts entered into on or after September 3, 2006.”
 

 On August 13, 2008, Clyde Lightbourn (“Lightbourn”), through counsel, filed a Petition for Declaratory Statement (“Petition”) with the Department under section 120.565, Florida Statutes (2008), which allows “[a]ny substantially affected person” to “seek a declaratory statement regarding an agency’s opinion as to the applicability of a statutory provision, or of any rule or order of the agency, as it applies to the petitioner’s particular set. of circumstances.”
 
 [1]
 
 Lightbourn’s Petition sought a determination as to whether certain provisions are applicable to the Agreement.
 
 [2]
 
 Specifically, one of the questions posed by Lightbourn is as follows: “Is AmeriLoss entitled to receive 33 1/3% fee pursuant to the Agreement?”
 

 In accordance with section 120.565(3), the Department provided public notice of
 
 *110
 
 the Petition in the September 26, 2008, Florida Administrative Weekly. The notice does not refer to AmeriLoss, but provides that Lightbourn has requested that the Department issue a declaratory statement on the following two issues:
 

 Whether an agreement entered into by a licensed Florida public adjuster, which violates paragraph 69B-220.201(5)(b), Florida Administrative Code, regulating the behavior of public adjusters, is a legally binding and enforceable agreement. Whether a public adjuster is entitled to receive a fee in excess of the fee provision set forth in paragraph 69B-220201(5)0»), F.A.C.
 

 On January 13, 2009, the Department issued its Declaratory Statement, finding that rule 69B-220.201(5)(b) is applicable to the Agreement: “AmeriLoss had
 
 prior notice
 
 that only a ten percent fee for such services rendered in connection with hurricane damage was deemed to be appropriate, because the rule at issue was already in effect at the time the parties entered into the fee agreement.”
 
 [3]
 
 Further, the Declaratory Statement provides: “Any
 
 party
 
 to these proceedings adversely affected by this Order is entitled to seek review of this Order pursuant to section 120.68, Florida Statutes, and Rule 9.110, Florida Rules of Appellate Procedure.” (emphasis added). Thereafter, AmeriLoss appealed the Declaratory Statement, and the Department moved to dismiss the appeal.
 

 In addressing whether AmeriLoss has standing to invoke the jurisdiction of this Court to review the Declaratory Statement issued by the Department, we begin our analysis with section 120.68(1), which provides in part: “A
 
 paHy
 
 who is adversely affected by final agency action is entitled to judicial review.” (emphasis added). Here, AmeriLoss was not an original party to the Petition
 
 nor
 
 did it petition the presiding officer for leave to intervene as permitted by Florida Administrative Code 28-106.205, which provides in pertinent part: “Persons other than the original parties to a pending proceeding whose substantial interest will be affected by the proceeding and who desire to become parties may petition the presiding officer for leave to intervene.”
 
 [4]
 

 In opposing the motion to dismiss, Am-eriLoss argues that it did not seek to intervene because it did not know that Lightbourn had filed the Petition as the Department failed to personally notify it of the Petition. Although it is clear that the Petition involves matters that would affect AmeriLoss’ interest, we note that the Department was not required to personally notify AmeriLoss. Rather, as required by section 120.565(3), the Department was only required to “give notice of the filing of
 
 *111
 
 [the][P]etition in the next available issue of the Florida Administrative Weekly.” The notice the Department filed in the September 26, 2008, Florida Administrative Weekly satisfied this requirement.
 

 Moreover, AmeriLoss argues that it was not required to intervene as Florida Administrative Code 28-106.205 uses the word “may,” not “shall,” and therefore, it may still invoke this Court’s jurisdiction. We disagree.
 

 Pursuant to section 120.565, a person seeking to intervene in a proceeding in which a party is seeking a declaratory statement under section 120.565, must establish that: (1) his “substantial interest will be affected by the proceeding” and (2) he “desire[s] to become [a] part[y]” to the proceeding. Although AmeriLoss was not
 
 required
 
 to seek intervention, by failing to do so, it did not become a party to the proceeding below.
 

 AmeriLoss argues that even if it failed to intervene, it has standing to invoke the jurisdiction of this Court to review the Declaratory Statement as it is adversely affected by the Department’s actions. However, as stated earlier, section 120.68(1) provides in part: “A
 
 party
 
 who is adversely affected by final agency action is entitled to judicial review.” (emphasis added). As AmeriLoss was not a named party to the Petition and it did not seek to intervene, we conclude that AmeriLoss does not have standing to invoke this Court’s jurisdiction to review the Department’s Declaratory Statement.
 
 [5]
 

 See Fox v. Smith,
 
 508 So.2d 1280, 1281 (Fla. 3d DCA 1987) (“In order to have standing to seek judicial review of a final agency action pursuant to section 120.68(1), a person must show: (1) the action is final; (2) the agency is subject to the provisions of the Administrative Procedure Act; (8) he was a party to the action which he seeks to appeal; and (4) he was adversely affected by the action.”);
 
 see also State, Dep’t of Health & Rehabilitative Servs. v. Barr,
 
 359 So.2d 503, 505 (Fla. 1st DCA 1978) (“Section 120.565 declaratory statements constitute ‘final agency action[.]’”) Accordingly, we grant the Department’s motion to dismiss AmeriLoss’ appeal.
 

 As we have dismissed the appeal, we do not comment on the merits of the Declaratory Statement or the issues raised in Am-eriLoss’ appeal. Although AmeriLoss is not presently in position to seek judicial
 
 *112
 
 review of the Department’s Declaratory Statement, if the Declaratory Statement is adversely applied against AmeriLoss in any subsequent proceeding in which it is a party, it may then seek judicial review in due course.
 
 See Barr,
 
 359 So.2d at 505.
 

 Appeal dismissed.
 

 [1]
 

 . Section 120.565 provides:
 

 (1) Any substantially affected person may seek a declaratory statement regarding an agency’s opinion as to the applicability of a statutory provision, or of any rule or order of the agency, as it applies to the petitioner's particular set of circumstances.
 

 (2) The petition seeking a declaratory statement shall state with particularity the petitioner’s set of circumstances and shall specify the statutory provision, rule, or order that the petitioner believes may apply to the set of circumstances.
 

 (3) The agency shall give notice of the filing of each petition in the next available issue of the Florida Administrative Weekly and transmit copies of each petition to the committee. The agency shall issue a declaratory statement or deny the petition within 90 days after the filing of the petition. The declaratory statement or denial of the petition shall be noticed in the next available issue of the Florida Administrative Weekly. Agency disposition of petitions shall be final agency action.
 

 [2]
 

 . On November 26, 2008, Lightboum’s counsel filed a supplement to the Petition setting forth two additional questions.
 

 [3]
 

 . The Declaratory Statement conflicts with the Department’s July 2008 letter.
 

 [4]
 

 . Florida Administrative Code 28-106.205 provides:
 

 Persons other than the original parties to a pending proceeding whose substantial interest will be affected by the proceeding and who desire to become parties may petition the presiding officer for leave to intervene. Except for good cause shown, petitions for leave to intervene must be filed at least 20 days before the final hearing unless otherwise provided by law. The petition shall conform to subsection 28-106.201(2), F.A.C., and shall include allegations sufficient to demonstrate that the intervenor is entitled to participate in the proceeding as a matter of constitutional or statutory right or pursuant to agency rule, or that the substantial interests of the intervenor are subject to determination or will be affected through the proceeding. The parties may, within seven days of service of the petition, file a response in opposition. The presiding officer may impose terms and conditions on the intervenor to limit prejudice to other parties.
 

 [5]
 

 . Under the Administrative Procedure Act, "party” is defined, in part, as follows:
 

 "Party” means:
 

 (a) Specifically named persons whose substantial interests are being determined in the proceeding.
 

 (b) Any other person who, as a matter of constitutional right, provision of statute, or provision of agency regulation, is entitled to participate in whole or in part in the proceeding, or whose substantial interests will be affected by proposed agency action, and who makes an appearance as a party.
 

 (c) Any other person, including an agency staff member, allowed by the agency to intervene or participate in the proceeding as a party. An agency may by rule authorize limited forms of participation in agency proceedings for persons who are not eligible to become parties.
 

 (d)Any county representative, agency, department, or unit funded and authorized by state statute or county ordinance to represent the interests of the consumers of a county, when the proceeding involves the substantial interests of a significant number of residents of the county and the board of county commissioners has, by resolution, authorized the representative, agency, department, or unit to represent the class of interested persons. The authorizing resolution shall apply to a specific proceeding and to appeals and ancillary proceedings thereto, and it shall not be required to state the names of the persons whose interests are to be represented.
 

 § 120.52(13), Fla. Stat. (2008).