401 So.2d 1351 (1981)
Helen DANIELS, Appellant,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Appellee.
No. PP-160.
District Court of Appeal of Florida, First District.
May 12, 1981.
As Corrected on Denial of Rehearing August 19, 1981.
*1352 Ronald D. Combs, Gainesville, Florida Institutional Legal Services, Inc., for appellant.
Michael H. Davidson, former general counsel for Florida Parole and Probation Commission, Tallahassee, and Malcolm S. Greenfield, General Counsel, Florida Parole and Probation Commission, Tallahassee.
ERVIN, Judge.
Daniels filed an administrative appeal from an order of the Parole and Probation Commission which established a presumptive parole release date she claims is contrary to objective parole guidelines.[1] The Commission moved to dismiss the appeal arguing this court lacked jurisdiction.
We ordered the parties to brief and argue the means by which an inmate invokes an appellate court's jurisdiction when seeking review of a presumptive parole release date. In responding, the Commission asserted that we lack jurisdiction to review such action, but if jurisdiction does exist, our review powers may be exercised only by mandamus. We now determine that our jurisdiction is not so limited, and that the Commission's discretionary action in establishing a presumptive parole release date is subject to review by administrative appeal.

I. Judicial Review Power
We first wish to put to rest the Commission's contention that the Commission is an executive creature whose actions are entirely immune from judicial review. It is now well established that the Commission is subject to the dictates of the legislature, Owens v. State, 316 So.2d 537 (Fla. 1975), and to review by extraordinary remedy, Turner v. Wainwright, 379 So.2d 148 (Fla. 1st DCA 1980), affd., sub nom. Wainwright v. Turner, 389 So.2d 1181 (Fla. 1980); Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla. 1974); James v. Florida Parole and Probation Commission, 395 So.2d 197 (Fla. 1st DCA 1981); Battis v. Florida Parole and Probation Commission, 386 So.2d 295 (Fla. 1st DCA 1980); Smith v. Crockett, 383 So.2d 1166 (Fla. 3d DCA 1980); Baker v. Florida Parole and Probation Commission, 384 So.2d 746 (Fla. 1st DCA 1980).

II. Mandamus
Prior to the decision of the Florida Supreme Court in Moore v. Florida Parole and Probation Comn., supra, the extraordinary writ of mandamus was considered appropriate *1353 only to review ministerial acts. Review of discretion was improper. Solomon v. Sanitarians' Registration Board, 155 So.2d 353 (Fla. 1963); Anoll v. Pomerance, 363 So.2d 329 (Fla. 1978). The traditional underpinnings of mandamus jurisdiction were significantly eroded by Moore, which held that mandamus was a suitable means for examining the Commission's discretionary order denying a petition for parole that had allegedly been influenced by taking into account certain illegal considerations. In so applying mandamus, the Moore court in effect apparently disregarded precedent which had limited mandamus review over only ministerial acts. We are not similarly restrained  as was the court when it decided Moore  by want of an appellate foundation from directly reviewing the discretionary acts of the Commission. Moore was written before the enactment of the Objective Parole Guidelines Act of 1978, requiring that presumptive parole release dates be objectively determined, and before the implementation of the Administrative Procedure Act, vesting appellate courts with broad powers of review over agencies. Its decision reflects an accommodation between the perceived necessity of reviewing Commission action where appellate review was not provided by law, and the-then traditional view that the Commission, being a creature of the executive, was immune from judicial scrutiny. See Marsh v. Garwood, 65 So.2d 15, 21 (Fla. 1953). In our judgment, a jurisdictional base has been provided, subsequent to Moore, by Section 120.68 of the Florida Statutes (1975).

III. Section 120.68 Judicial Review
Section 120.60(1), defining the scope of judicial review permissible, broadly states: "A party who is adversely affected by final agency action is entitled to judicial review." It follows then that in order to have standing to seek such review, a person must show: (1) the action is final; (2) the agency is subject to the provisions of the Act; (3) he was a party to the action which he seeks to appeal, and (4) he was adversely affected by the action.
It can hardly be doubted that the Commission's establishment of a presumptive parole release date is final agency action. It is immaterial that the action appealed may not have the characteristics of a Section 120.59 order. Our "ultimate task under Section 120.68 is to review `action', not agency judgments,... ." Rice v. Dept. of Health and Rehabilitative Services, 386 So.2d 844, 850 (Fla. 1st DCA 1980). Such action may include "a rule or order, or the equivalent, ... ." Section 120.52(2)(e.s.). The action involved here is a final agency decision reduced to writing, styled "Commission action", which is binding upon the Commission except where exceptional circumstances arise. See Sections 947.172(3) and .173(3).
It is now beyond question that the Commission is an agency subject to the provisions of the APA. We have repeatedly held that the 1974 Administrative Procedure Act enforces its discipline on all agencies, unless they are specifically exempted, whose actions affect the substantial interests of a party. E.g., State ex rel. Dept. of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977); School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977); McDonald v. Dept. of Banking & Finance, 346 So.2d 569 (Fla. 1st DCA 1977). Moreover, the Commission is not excluded from the Act's scope under Section 120.50[2] or otherwise.[3]Compare Comer v. Florida Parole & Probation Commission, 388 So.2d 1341 (Fla. 1st DCA 1980).
The most significant question before us is whether an inmate may be considered a party to the action which he seeks to have *1354 reviewed when the APA denies him the right to obtain certain privileges that would be otherwise available to all substantially affected parties at the proceeding where the final action occurred. The Commission argues that an inmate does not have party status to seek an appeal, relying upon Section 120.52(10)(d), which provides: "Prisoners as defined in s. 944.02(5) shall not be considered parties for the purposes of obtaining proceedings under s. 120.54(16) or s. 120.57... ." The Commission continues that because prisoners are precluded as parties entitled to seek such proceedings, they are not entitled to Section 120.68 appeals from Commission action entered following a non-section 120.57 proceeding. It then concludes that we are without jurisdiction to entertain such appeals since there is no provision of general law conferring jurisdiction upon the district courts as required by Article V, Section 4(b)(2), Florida Constitution (1968).
The Commission fails to understand the broad scope of Chapter 120. An inmate is not denied party status simply because he appears before an agency at a proceeding which is not specifically recognized under Chapter 120 (proceedings established, for example, by Sections 120.54, .56, .565 or .57). This conclusion is made evident by reference to the APA's definition of party. Section 120.52(10)(a), (b) and (c) recognizes three classes of parties: (1) persons whose substantial interests are determined in a proceeding; (2) other persons who are authorized as a matter of constitutional right, provision of statute, or rule to participate in a proceeding as parties, and, finally, (3) still other persons who are permitted by the agency to intervene or participate in a proceeding as parties. Section 120.52(10)'s reference to "proceeding" does not limit or restrict the word to proceedings that are cognizable only under the APA.[4] Although not defined by Chapter 120, proceeding is generally defined as a legal action, a particular action at law, or case in litigation. Webster's Third New International Dictionary (1976). Therefore, by reason of the general, unrestricted usage of the word proceeding in Section 120.52(10), we conclude that the legislature intended that a person may be a party to any proceeding or legal action which is recognized by law, including one at which a presumptive parole release date is determined.
Having established that an inmate may be considered a party to a proceeding which does not comport with the procedural requirements of the APA, it is next necessary to decide whether the inmate's interests were "adversely affected" by the action taken, as required by Section 120.68(1). The fact that a person may have the requisite standing to appear as a party before an agency at a de novo proceeding does not mean that the party automatically has standing to appeal. The APA's definition of a party recognizes the need for a much broader zone of party representation at the administrative level than at the appellate level. For example, in rulemaking, a large number of persons may be invited or permitted by the agency to participate as parties in the proceeding, so as to provide information to the agency concerning a broad spectrum of policy considerations affecting proposed rules. See Balino v. Dept. of Health and Rehab., etc., 362 So.2d 21 (Fla. 1st DCA 1978). Yet, a person who participates in such a proceeding by authorization of a statute or rule, or by permission of an agency, may not necessarily possess any interests which are adversely, or even substantially, affected by the proposed action.
In the case at bar, we are not confronted with any problem of standing existing at the administrative level which does not exist also at the appellate level. An inmate who contends that his presumptive parole release date was established by the Parole Commission contrary to the objective criteria required by Chapter 947 has adequately represented both that his substantial interests were determined, as well *1355 as that his interests were adversely affected by the Commission's final agency action. Compare Professional Firefighters of Florida, Inc. v. Department of Health and Rehabilitative Services, 396 So.2d 1194 (Fla. 1st DCA 1981). There can be little question that a determination affecting when an inmate may be returned to society is perhaps the most crucial action affecting his prison life.[5] We conclude that the propriety of the Commission's action in establishing a presumptive parole release date is appropriately before us as an administrative appeal.[6]
The remedial choices under Section 120.68 are legion. The APA's "impressive arsenal of varied and abundant remedies for administrative error"[7] includes the judicial power, on review of agency action, to decide "the rights, privileges, obligations, requirements or procedures at issue between the parties" and to "provide whatever relief is appropriate," whether "mandatory, prohibitory or declaratory in form." Section 120.68(13)(a). Among other things, we may, for example, remand the action to the agency with directions that it establish a presumptive parole release date at a proceeding conforming to the procedure set out under Sections 947.172 and .173, or at a proceeding conforming to a rule of practice adopted by the Commission, or, if the issue involves one only of law and not of facts, we may, as was done in Harris v. Florida Real Estate Commission, supra, n. 3, directly decide the rights litigated between the parties without remand. Section 120.68 furnishes many appellate remedies to adversely affected parties and should be liberally construed as a broad grant of power, not as a limitation of power.[8]
*1356 Although we have decided that a direct right of administrative review is available to one who claims his release date was incorrectly set, we must caution that it is not necessarily the exclusive method of relief. Mandamus yet abides as a remedy, to the extent stated by Moore, but it "continues subject to judicial restrictions upon its use which require prior resort to and exhaustion of administrative remedies when they are available and adequate." State ex rel. Dept. of General Serv. v. Willis, supra at 589 (e.s.). The question whether a court within Florida's unitary judicial system should intervene to issue an extraordinary writ, when an administrative remedy is available, is, as stated in Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., 361 So.2d 695, 699 (Fla. 1978), "ultimately one of policy rather than power, ... ." Policy may require intervention because, in the now familiar phrase of State ex rel. Dept. of General Serv. v. Willis, supra at 590: "[S]ome agency errors may be so egregious or devastating that the promised administrative remedy is too little or too late." Yet policy dictates that such intervention be sparingly exercised,[9] that it defer to the agency its "greater familiarity with the statutory scheme and its expertise in the field regulated." Rice v. Dept. of Health & Rehabilitative, 386 So.2d 844, 850 (Fla. 1st DCA 1980). If the administrative remedy is considered adequate, courts generally will regard such remedy as exclusive. State ex rel. Dept. of General Serv. v. Willis, supra.

IV. Procedure
An inmate's appeal from final agency action taken by the Commission is governed by the Florida Rules of Appellate Procedure and Chapter 120, Florida Statutes. An inmate seeking review of the Commission's final order,[10] confirming the established presumptive parole release date pursuant to Section 947.173, Florida Statutes, must file a notice of appeal within 30 days. Fla.R.App.P. 9.110(b). A copy of the notice of appeal should be filed with the Commission and with the district court. Fla.R.App.P. 9.110(c). The notice shall state the date of the Commission's action and that the appeal is from an order determining the presumptive parole release date. The notice shall substantially comply with the form provided in Florida Rule of Appellate Procedure 9.900(e). See Appendix "A". If the notice is not filed with the Commission within the 30-day period, the appeal will be dismissed for lack of jurisdiction.
The Commission's order will be final when it is reduced to writing and filed with the person designated as the Commission's clerk. The date of filing should be indicated on the final order, Section 120.52(9), Florida Statutes, and sent to the inmate on the same day it is filed with the clerk of the Commission. If the filing date is not on the Commission's final order, the filing date will be considered to be the date the order was mailed to the inmate.
Appellant's initial brief shall be served within 70 days of the date the notice of appeal is filed. Fla.R.App.P. 9.110(f). Briefs and all other documents filed with the court shall be served on all parties. Fla.R.App.P. 9.420. Briefs shall comply with Rule 9.210, Florida Rules of Appellate Procedure; however, the court recognizes that many inmates do not have access to typewriters, and will accept handwritten briefs from inmates if the writing can be easily read. The brief should contain a statement of the case, a procedural history *1357 of all actions and orders which are relevant to the final order entered by the Commission, and a statement of facts. The inmate shall refer to the appropriate pages of the record to support any factual statements made in the brief. Fla.R.App.P. 9.210(b)(3).
The clerk of the Commission shall serve the inmate with the index to the record on appeal within fifty (50) days of filing the notice of appeal, and the record on appeal shall be transmitted to this court in accordance with the attached schedule. See Appendix "B". The record sent to the court shall be a copy of the original record on appeal. The original documents are to be retained by the Commission. The record shall contain the Commission's final order and all documents considered by the Commission before entering its final order and used as a basis for its action. Section 120.68(5)(c), Fla. Stat. However, since the issues that may be raised on appeal are limited to those issues presented to the Commission in the Section 947.173 administrative review proceeding, only the documents that were considered by the Commission to determine those issues should be included in the record on appeal.
The Parole and Probation Commission's motion to dismiss is denied and appellant shall have 70 days in which to serve her initial brief.
MILLS, C.J., McCORD, ROBERT P. SMITH, Jr., SHIVERS, SHAW, WENTWORTH, JOANOS and THOMPSON, JJ., concur.
BOOTH and LARRY G. SMITH, JJ., dissent.

APPENDIX "A"

 IN THE FLORIDA PAROLE AND PROBATION COMMISSION
 CASE NO. _______________
 [inmate's name] , :
 Appellant, :
 vs. : NOTICE OF ADMINISTRATIVE
 APPEAL
 FLORIDA PAROLE AND :
 PROBATION COMMISSION,
 :
 Appellee.
 ________________________________
 NOTICE IS GIVEN that [inmate's name] , appellant, appeals
 to the District Court of Appeal, [number] District, State of
 Florida, the order of the Florida Parole and Probation Commission rendered
 [date] . The nature of the order is a final order determining
 appellant's presumptive parole release date.
 s/ [signature] 
 Appellant [or counsel for
 appellant]
 Address

*1358 APPENDIX "B"

 TIME SCHEDULE
 TIME WITHIN WHICH
 ACTION ACTION MUST BE TAKEN
 1. Filing notice of appeal 30 days after rendition
 of final order
 2. Transmission of record* 50 days after filing
 of notice
 3. Index served* 50 days after filing
 of notice
 4. Initial brief served 70 days after filing
 of notice
 5. Answer brief served 25 days after date of
 service of initial
 brief (by mail)
 6. Reply brief** served 25 days after date of
 service of answer
 brief (by mail)
* Action to be taken by commission clerk.
** A reply brief does not have to be filed and the court may
determine the appeal prior to the expiration of time for service
of the reply brief.

NOTES
[1] Section 947.165, Florida Statutes (1979); Chapters 19-23, Florida Administrative Code.
[2] In fact, during the 1977 regular legislative session, S.B. 547 proposed an amendment to Section 120.50, which would exempt the Parole and Probation Commission from the provisions of the APA when it acts to grant or revoke either paroles or conditional releases. The bill died in the Senate Committee on Governmental Operations. History of Legislation, 1977 Regular Session, Florida Legislature (Senate Bills Actions Report) at 195.
[3] Compare, for example, Section 440.021's exemption of workers' compensation adjudications from Chapter 120.
[4] In describing what items shall comprise the record on appeal, Section 120.68(5)(c) implies that a record may be transmitted from a proceeding which is not specifically provided by the Act.
[5] We note that the decision to parole, while critical to the inmate, is not necessarily a "right" to which an inmate is absolutely entitled, as observed by the United States Supreme Court in Greenholtz v. Inmates at the Nebraska Penal and Correctional Complex, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Greenholtz states that although a prisoner has no constitutional right to be released on parole before the expiration of his prison sentence, a particular state statute may create a protectible expectation of parole, and "whether any other state statute provides a protectible entitlement must be decided on a case-by-case basis." 442 U.S. at 11, 99 S.Ct. at 2106. It concluded that Nebraska's statutory system comported with due process, although it was based in great measure upon subjective factors. We are not asked to decide in this appeal whether the Florida Objective Parole Guidelines Act of 1978 provides a protectible expectation of parole to an inmate. Nevertheless, we note that the purpose of the Act was to replace a system which had formerly determined parole solely by subjective standards. See Section 947.002(1). We also note that the Florida legislature, in its experimentation with an objective system, has afforded practically all inmates the right to a presumptive parole release date, see Battis v. Fla. Parole and Probation Com. supra, and has provided that such dates shall be binding absent good cause for exceptional circumstances.
[6] The legislative history of Section 120.52(10)(d) supports our conclusion. Prior to Section 120.52(10)(d)'s introduction, the Administrative Commission had, pursuant to Section 120.63(1), temporarily exempted the Department of Corrections from the requirements of Sections 120.57, .54(3)-(6), (16), and .56, as they relate to prisoners. See Staff Analysis, H.B. 420, Governmental Operations Committee (March 3, 1978), Florida State Archives, Series 19, Carton 410 (Meeting file April 5, 1978). House Bill 420, and its companion in the Senate, S.B. 209, were introduced at the 1978 regular session with identical provisions, proposing: "Prisoners as defined in s. 944.02(5) shall not be considered parties for the purposes of obtaining proceedings under s. 120.54(3)-(6) or (16), and s. 120.56, or s. 120.57."

The initial scope of H.B. 420 and S.B. 209 was to exclude prisoners from virtually the entire Administrative Procedure Act, thus excusing the Department of Corrections from complying with the APA. Nevertheless, Section 120.52(10)(d), as enacted, retains the inmate's statutory rights to participate in proceedings under 120.54(3)-(6) and 120.56, thereby preserving his rights to (1) seek a determination of the validity of any proposed rule, (2) petition the Department of Corrections or the Parole and Probation Commission to adopt, amend or repeal a rule, or provide the minimum public information required, (3) be given a reasonable opportunity to examine the record of any rulemaking proceeding, and (4) seek an administrative determination of the validity of a rule already in effect.
[7] State ex rel. Dept. of General Services v. Willis, supra, at p. 590.
[8] Compare Harris v. Florida Real Estate Com'n., supra, n. 4, at 1125: "An agency's failure to enter a proper order, or to afford a hearing, is an occasion for judicial review, not an impediment of it."
[9] Professor Levinson, regarded as one of the principal architects of the 1974 APA, fears the indiscriminate use of extraordinary writs by courts in disputes arising out of administrative action "could lead to by-passing the APA and its replacement by prerogative writ actions or common law actions, in courts selected by litigants." Levinson, The Florida Administrative Procedure Act, 1974 Revision and 1975 Amendments, 29 U.Mi.L.Rev. 617, 682 (1975).
[10] The order should conform to the requirements of Section 120.59, with the exception that the 90-day rendition period specified by Section 120.59 must be harmonized with the time frame stated in Section 947.173(2), requiring the Commission to notify the inmate of its decision within 60 days after the inmate requests it to review his presumptive parole release date.