403 So.2d 591 (1981)
Henry B. JORDAN, Petitioner,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Respondent.
No. AE-62.
District Court of Appeal of Florida, First District.
September 11, 1981.
*592 Henry B. Jordan, in pro per.
No Appearance for respondent.
PER CURIAM.
Petitioner requests this Court to review his presumptive parole release date by way of the discretionary writ of mandamus more than six months after the Florida Parole and Probation Commission found no cause to modify his presumptive parole release date. We find that petitioner has unreasonably delayed in filing this petition and we deny the writ.
Commissioner Howard wrote petitioner a letter dated November 20, 1980, stating that pursuant to his review request the Commission had reviewed his presumptive parole release date (PPRD) and found no cause to modify the date. See § 947.173, Fla. Stat. (1979). It appears from the petition that petitioner did not seek any form of judicial review of this final Commission action until he filed this petition for writ of mandamus on June 12, 1981.
Considering the nature of the PPRD we are of the opinion that the significance of the Commission's decision with respect to an inmate's PPRD diminishes with the passage of time, so that the necessity for and advisability of judicial intervention in the establishment of a PPRD also subsides with the passage of time. The PPRD is "presumptive" only; it does not indicate the effective parole release date. Compare Fla. Admin. Code Rule 23-16.01(13) with Fla. Admin. Code Rule 23.16.01(14). We see no reason for extending unduly the time in which alleged administrative errors relating to the determination of an inmate's PPRD may become the subject of judicial review.
Furthermore, judicial review of final Commission action establishing a PPRD is properly triggered by a timely appeal, not by a petition for writ of mandamus. See Daniels v. Florida Parole and Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981) opinion filed May 12, 1981, but revised on motion for rehearing by order filed August 19, 1981. Prior to Daniels, judicial review of such final Commission action was often entertained as a petition for writ of mandamus and therefore was not subject to a rigid 30-day time limit. Therefore, in order to assure that inmates are on notice of the proper method of review the Court has entertained such petitions for writ of mandamus for a 30-day period following Daniels even though not filed within 30 days of the final Commission action. Additionally, this 30-day "grace" period has allowed inmates with a pre-Daniels final Commission order an opportunity to seek judicial review of same.
Petitioner did not file a timely appeal from the Commission action. Petitioner did not file a petition for writ of mandamus soon after Daniels. Instead, petitioner chose to wait more than six months after the final Commission action and more than 30 days after Daniels. Accordingly, we find that petitioner's application for review of his PPRD was delayed for an unreasonable amount of time. Since it has long been the rule in Florida that there must not be an unreasonable delay in seeking a writ of mandamus, we exercise our discretion and deny the writ. See State ex rel. Haft v. Adams, 238 So.2d 843 (Fla. 1970); Pippin v. *593 State ex rel. Town of Blountstown, 73 Fla. 363, 74 So. 653 (1917).
MILLS, ERVIN and LARRY G. SMITH, JJ., concur.