SHIVERS, Judge,
dissenting.
I respectfully dissent.
This petition for writ of mandamus asks us to order the Florida Parole and Probation Commission (Commission) to: (1) comply with § 947.173(2), Fla.Stat. (1981), by examining petitioner’s request for review and by notifying him of the decision;[1] and, (2) reinstate the presumptive parole release date (PPRD) given him in 1979. The first claim is moot since petitioner received his Commission review prior to filing in this Court, although he had not yet received notice from the Commission. I would treat the second claim of the petition as a notice *1387 of appeal and appellant’s brief and grant the relief requested.[2]
Petitioner was first interviewed for parole on June 14, 1979. He was given a PPRD of February 2, 1988. Pursuant to petitioner’s review request for correction because of error in computing his PPRD, the petitioner’s PPRD was corrected by the Commission on September 4, 1979,[3] and established as September 2, 1984.
Section 947.172(3), Fla.Stat. (1978), in effect at the time of petitioner’s first interview and at all times thereafter provides:
(3) A presumptive parole release date shall become binding on the commission when agreement on a presumptive parole release date is reached....
On September 7, 1979, after the corrected PPRD was established, the Commission advised the petitioner that because he failed to comply with § 944.485, Fla.Stat. (Supp. 1978),[4] and disclose his revenue and/or assets, he was being removed “from further parole consideration.”[5] In November 1980, petitioner signed his financial disclosure affidavit showing he had no revenue and no assets, and was given another PPRD of June 6, 1989, under the current guidelines.[6]
Under the facts of this case, the Commission erred in changing petitioner’s established and binding PPRD of September 2, 1984. Section 947.172, Fla.Stat. (1979), provides the procedure under which a prisoner and the Commission establish a PPRD. Subsection (3) provides that a presumptive parole release date shall become binding on the Commission when agreement on a presumptive parole release date is reached. In McKahn v. Florida Parole and Probation Commission, 399 So.2d 476 (Fla. 1st DCA 1981) we wrote:
Section 947.172(3) unambiguously states that a presumptive parole release date “shall become binding on the commission when agreement on a ... date is reached.” The only explicitly stated exceptions to the binding effect of the date entered are “for reasons of institutional conduct or the acquisition of new information not available at the time of the initial interview.” Section 947.16(4). Additionally, we are of the view that Section 947.16(4) should be considered in pari materia with Section 947.173(3), permitting the Commission to modify a parole release date “for good cause in exceptional circumstances.”
If filing a financial affidavit were a condition precedent to an inmate’s PPRD being set or if failure to do so could nullify an established PPRD, this important fact could and should have been ascertained prior to or at the time of the review on August 15, 1979. Petitioner has not committed any behavioral infractions or institutional misconduct while in prison. (It would certainly strain a point here to call the failure to file a financial affidavit “institutional misconduct,” the ultimate result of which could *1388 add almost 5 years to this inmate’s PPRD. The petitioner’s failure to file a financial affidavit could have been easily discovered by the Commission and was, thus, available information at the initial interview when petitioner’s PPRD was set or at the review when his PPRD was corrected and modified. The impact of this omission should be de minimis.) Further, no good cause or exceptional circumstances have been shown that would warrant the Commission’s action in petitioner’s case.
Rule 23-16.051(7), Fla.Admin.Code, contemplates the changing of a PPRD only in the event of institutional misconduct or the acquisition of new information which was unavailable at the time of the initial interview. The rule alsq requires that the reason for changing a PPRD be specified in writing.[7] There is no indication that this rule was complied with by the Commission in petitioner’s case.
Section 947.16(1) and (2),.Fla.Stat. (1979) express the legislative intent that prisoners with sentences in excess of five years be interviewed within one year of confinement in execution of the judgment. While the Commission would have us impose conditions precedent to this requirement, the language of the statute indicates that only two possible conditions precedent exist: first, the record during confinement must be good, and second, there must be no laws providing otherwise. Although under § 944.485, supra, petitioner would not be eligible for parole and, consequently, able to be paroled until he signed the financial disclosure affidavit, he was eligible for consideration for parole under § 947.16(1) in 1979 when he received his PPRD.[8] I would order the Commission to reinstate the PPRD of September 2,1984, as agreed upon by the parties in September of 1979.

. Petitioner requested review of his second PPRD on March 13, 1981. However, the Commission did not answer his review request, apparently having misfiled the request, until January 6, 1982.

. Daniels v. Florida Parole & Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981).

. If the filing date is not on the Commission’s final order, the filing date will be considered to be the date the order was mailed to the inmate. Ibid.

. 944.485 Department to adopt pían for subsistence fees with respect to certain prisoners; time of adoption; requirements.—
(1) ... each prisoner in the state correctional system, ...
(a) Shall disclose all revenue or assets as a condition of parole eligibility.

. Petitioner asserts that he assumed the statement meant he would not receive his biennial review, not that the agreed upon PPRD was being nullified. In fact, he was not aware that his original PPRD had been nullified until February 18, 1981, when the Commission acted to reestablish his PPRD.

.The Commission had amended its rules since the date of petitioner’s initial interview on June 14, 1979.
Notable is the statement on the Commission action form (which sets the new June 6, 1989 PPRD) indicating that all previous PPRDs were nullified. Until then, petitioner apparently had not been informed that his established PPRD had been voided.
New Commission Rule 23-21.05(4)(b) (effective September 10, 1981) now requires the hearing examiner at the initial interview to, ascertain whether the parole applicant has filed* his financial disclosure affidavit.

. Rule 23-16.051. Procedures.

(7) The Commission may, for good cause, direct a Hearing Examiner Panel to conduct a subsequent hearing for review of the presumptive parole release date. The presumptive parole release date may be changed for reasons of institutional misconduct or the acquisition of new information which was unavailable at the time of the initial interview. Both the directive for the interview and any decision made by the Commission subsequent to the interview to change the presumptive parole release date must specify in writing the reasons for those actions.

. While there is no absolute right to parole, there is a right to a proper consideration for parole. . . . The Parole Commission is required, as any other body, to comply with constitutional requirements; it cannot deny parole upon illegal grounds or upon improper considerations .... Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla.1974).