ROBERT P. SMITH, Jr., Chief Judge.
The Commission on Human Relations, chapter 23, part IX, Florida Statutes (1981), appeals from an order of the Division of Administrative Hearings declining the Commission’s request for a DOAH hearing officer to conduct section 120.57(1) proceedings leading to a recommended order, section 120.57(l)(b)8, determining the substantial interests of a party. Alternatively the Commission seeks a writ of mandamus compelling DOAH to proceed as requested pursuant to section 120.57(1).
The narrow issue is whether the proceedings envisioned by the Commission will determine the substantial interests of a party, culminating in a DOAH recommended order and a Commission order pursuant to section 120.59. The proceedings requested by the Commission are to redetermine, as contemplated by the Commission’s Rule 9D-9.07, Fla.Admin.Code, “whether there is reasonable cause to believe that an unlawful employment practice has occurred” in a certain matter before the Commission, its executive director having initially determined that there is no reasonable cause for that belief in the pending matter. The complainant’s redetermination petition operates, under the Commission’s Rule 9D-8.-16, to reopen and review the executive director’s initial decision, and if granted the redetermination petition would then lead to conciliation efforts, Rule 9D-9.05, or that failing to further Commission action upon a petition for relief filed by complainant under Rule 9D-9.08.
Section 120.57 agency proceedings to determine a party’s substantial interests are inextricably linked to the agency’s final order conforming to sections 120.57(l)(b)9 and 120.59, which is appealable as of right pursuant to section 120.68.[1] In explicit terms, *966 section 120.57 “shall not apply to agency investigations preliminary to agency action,” meaning “agency action” as thus defined. Section 120.57(4), Fla.Stat. (1981). Thus a petition to redetermine the executive director’s finding of no “reasonable cause to believe that an unlawful employment practice has occurred” does not embark the Commission upon proceedings necessarily determining the substantial interests of a party by order of the Commission. Significant intervening events may preclude the entry of a Commission “final order in a proceeding which affects substantial interests,” section 120.59(1), appealable as of right under section 120.68. For instance, a Commission decision in redetermi-nation proceedings finding “reasonable cause” may result in successful conciliation, ending the matter. Further Commission action triggered by the filing of a petition for relief, is necessary to engage proceedings “in which the substantial interests of a party are determined by an agency.” Section 120.57, Fla.Stat. (1981).
That being so, section 120.57 disciplines upon agency action are not applicable by force of a statute in the Commission’s rede-termination proceedings. It follows that section 120.57 does not require that a DOAH hearing officer conduct such proceedings when the agency head “or a member thereof other than the agency head” is unavailable.
DOAH is therefore not required to provide a hearing officer to conduct the proceedings requested. Whether DOAH may do so is another question, which we do not reach. Certainly chapter 120 does not deter the Commission from itself conducting re-determination proceedings according to section 120.57 disciplines; though section 120.-57 does not require it, that may be a commendable elaboration of the Commission’s investigation preliminary to agency action.
The order appealed is AFFIRMED. The alternative petition for mandamus is DENIED.
McCORD, J., concurs.
BOOTH, J., specially concurs, with written opinion.

. Cf. J.A. Jones Construction Company v. State, Department of General Services, 356 So.2d 863, 864 (Fla. 1st DCA 1978) (“Proceedings complying with Section 120.57 and' an order complying with Section 120.59 [are] essential to any lawful action by the agency .... ”); McDonald v. Department of Banking and Finance, 346 So.2d 569, 583, appeal after remand, 361 So.2d 199 (Fla. 1st DCA 1978) (the § 120.-59 agency final order must address all arguments in the record and findings by the hearing officer during the section 120.57 hearing, so a court may review the final order under section 120.68); Stuckey’s of Eastman, Georgia v. Department of Transportation, 340 So.2d 119, 120 (Fla. 1st DCA 1976) [deciding whether the *966 agency’s final order adopting the hearing officer’s recommended order, see section 120.-57(l)(b)8, departed from section 120.59’s requirements by failing to include explicit rulings on each proposed finding of fact submitted pursuant to the section 120.57 hearing.]