EHRLICH, Justice.
Prisoners, seeking judicial review of final action of respondent Florida Parole and Probation Commission in setting allegedly improper presumptive parole release dates, have filed with this Court petitions for writ of mandamus directing the First District Court of Appeal to entertain their appeals pursuant to Daniels v. Florida Parole & Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981), approved, Roberson v. Florida Parole & Probation Commission, 444 So.2d 917 (Fla.1983). We have jurisdiction. Art. V, § 3(b)(8), Fla. Const.
Documents filed with the petitions show that both appeals were filed with the district court on June 10, 1981, twenty-nine days after Daniels was filed and within the thirty-day grace period set forth in Dan *458 iels. In Jordan v. Florida Parole & Probation Commission, 403 So.2d 591 (Fla. 1st DCA 1981), the district court made clear that the Daniels grace period made judicial review available to prisoners with a pre-Daniels final order from the Commission. Id. at 592.
After the Jordan decision issued, petitioners and two other prisoners who had also sought belated appeal from final Commission action within the thirty-day grace period, sought to reinstate their appeals or, in the alternative, to file petitions for writ of mandamus. Though procedurally indistinguishable, petitioners’ motions were denied, the other two prisoners’ motions were granted.
In light of the delineation of jurisdiction in Daniels and Jordan and in light of the district court’s granting review to other petitioners similarly situated, the denial of jurisdiction appears to be error. We do not choose to issue the writ of mandamus at this time, however. Rather, we remand these notices of belated appeal and motions to reinstate appeal or alternate leave to file petition for writ of mandamus for reconsideration by the district court.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD and SHAW, JJ., concur.