470 So.2d 754 (1985)
PUBLIX SUPERMARKETS, INC., Appellant,
v.
FLORIDA COMMISSION ON HUMAN RELATIONS, Appellee.
No. AZ-46.
District Court of Appeal of Florida, First District.
May 29, 1985.
John-Edward Alley and Joseph W. Carvin, of Alley and Alley, Chartered, Tampa, for appellant.
Aurelio Durana, Gen. Counsel, and Dana Baird, Asst. Gen. Counsel, Tallahassee, for appellee.
WIGGINTON, Judge.
Publix Supermarkets, Inc. (Publix) appeals from the final order of the hearing officer denying its petition for an administrative determination of the invalidity of rule 22T-9.08(1), Florida Administrative Code, as amended by the Florida Commission on Human Relations (commission). We affirm.
Under the Human Rights Act of 1977, sections 760.01-760.10, Florida Statutes, the commission is empowered by section 760.06(5) "[t]o receive, initiate, investigate, seek to conciliate, hold hearings on, and act upon complaints alleging any discriminatory practice... ." Pursuant to section 760.06(13),[1] the commission adopted rules to implement that authority.[2]
*755 Following this Court's decision in Commission on Human Relations v. Bentley, 422 So.2d 964 (Fla. 1st DCA 1982), the commission amended rule 22T-9.08(1) to allow the filing of petitions for relief from a determination of no reasonable cause to believe that an unlawful employment practice had occurred, or a redetermination of no cause, as well as from a finding of cause but a failure to conciliate, thus leading to 120.57 hearings under all circumstances.[3] As amended, the rule provides in relevant part:
(1) Petition. A complainant may file a Petition for Relief from an Unlawful Employment Practice within 30 days of service of a Notice of Failure of Conciliation, a Notice of Determination of No Reasonable Cause, or where Redetermination has been requested, a Notice of Redetermination of No Reasonable Cause ...
Publix challenged the validity of rule 22T-9.08(1) in the face of a charge of employment discrimination filed against it. Although a notice of a determination of no cause was reaffirmed on redetermination, Publix faces a third hearing since the aggrieved employee filed a petition for relief under the amended rule. In its petition, Publix argues that the rule is an invalid exercise of delegated legislative authority, as contravening legislative intent and causing an arbitrary and capricious result. It alleges that the commission is authorized only to investigate complaints of unlawful employment practices under section 760.06(5), that a finding of no reasonable cause does not "implicate the `substantial interest' of the charging party so as to fall within the strictures of Section 120.57," and that the amended rule is therefore "contrary to the statutory purpose of the Florida Human Rights Act to quickly resolve complaints of discrimination without formal proceeding." Publix also challenges the rule on the basis of a deficient economic impact statement.
The hearing officer disagreed with Publix' contention that a complainant is not entitled to a 120.57 hearing where there has been a determination of no cause. Instead, the hearing officer held that until the commission provided an affected party a clear point of entry to formal or informal proceedings under section 120.57, following "`some recognizable event in investigatory or other free-form proceedings', the commission is powerless to dismiss a complaint." Capeletti Brothers, Inc. v. State, Department of Transportation, 362 So.2d 346, 348 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1374 (Fla. 1979). The hearing officer determined that the commission's investigatory process culminates in "proposed agency action," e.g. a determination or redetermination of no probable cause, which affects the substantial interests of a party, thereby calling into play the remedies *756 found in section 120.57. He concluded that although the amended rule adds an additional investigatory step by way of a petition for redetermination, it is "in harmony with the statute," particularly section 760.06(5) allowing the commission to "investigate ... hold hearings on, and act upon complaints ...," is reasonably related to its purpose, and is not so "`irrational'" or "`despotic'" as to render the rule invalid.
The hearing officer also defeated Publix' challenge to the rule on the basis of the economic impact statement (EIS). Publix maintained that in the EIS the commission failed to adequately assess "additional expenses" that it would incur "in processing petitions for relief," and failed to consider the impact of the rule change on employers. As to the first contention, the hearing officer observed that section 120.54(2)(a)1. requires only an estimate of the cost of putting the rule into effect, and "`not the cost of performing all regulatory functions affected by the rule in the decades ahead,'" citing to State, Department of Insurance v. Insurance Services Office, 434 So.2d 908, 930 (Fla. 1st DCA 1983). The hearing officer further concluded that although the commission did not quantify the costs of implementation, that omission was harmless error and Publix did not show how the fairness of the proceedings was impaired. Polk v. School Board of Polk County, 373 So.2d 960 (Fla. 2d DCA 1979).
Finally, regarding Publix' complaint that the EIS failed to adequately reflect the impact the rule change would have on employers, the hearing officer concluded that that portion of the EIS indeed did not correctly assess the rule's impact on employers, but that the insufficiency was harmless error, as the rule merely implements established procedures. Department of Health and Rehabilitative Services v. Wright, 439 So.2d 937, 941 (Fla. 1st DCA 1983). In reaching this conclusion, the hearing officer observed that chapter 120 mandates that an agency afford all complainants the right to a section 120.57 hearing once its investigative proceedings are concluded. Accordingly, the hearing officer reasoned that the commission "merely implemented `already established procedures' in Chapter 120, and any costs incurred by the employers in defending such actions are the result of the statutory scheme rather than agency rule."
On appeal, Publix challenges the hearing officer's findings and conclusions arguing that our decision in Commission on Human Relations v. Bentley is not authority for the amendment of the rule to allow for 120.57 hearings following a determination or redetermination of no cause. According to Publix, a no cause determination is, under Bentley, a determination that a complainant's interests are not at stake. Rather, in Publix' view, Bentley holds that a petition for relief available only after an affirmative determination of cause is necessary to give rise to a party's having a substantial interest within the meaning of section 120.57. Publix argues that the amended rule improperly implements the Human Rights Act by authorizing the expending of further time and resources where it has been determined that there is no cause to do so, thereby producing an arbitrary and capricious result, rendering the rule invalid. Agrico Chemical Company v. State, Department of Environmental Regulation, 365 So.2d 759 (Fla. 1st DCA 1978).
The hearing officer distinguished Bentley, opining that it did not hold that once the commission's investigatory process is finished, a complaint may be summarily dismissed by the commission and the chapter 120 remedies disregarded. We agree. Bentley involved the very narrow issue of whether the commission could demand a Division of Administrative Hearings hearing officer to conduct section 120.57(1) proceedings to redetermine the executive director's finding of no reasonable cause to believe that an unlawful employment practice had occurred. We held that the proceedings envisioned by the commission were merely investigatory and preliminary *757 to agency action. Consequently, under section 120.57(4), section 120.57 would not apply.[4] We concluded that "[f]urther Commission action triggered by the filing of a petition for relief, is necessary to engage proceedings `in which the substantial interests of a party are determined by an agency.' Section 120.57, Fla. Stat. (1981)." 422 So.2d at 966 (emphasis added).
Thus, our decision in Bentley goes no further than to draw the parameters encompassing section 120.57 proceedings. The procedures set forth in chapter 22T-9 (chapter 9D-9 in Bentley) lay just outside those parameters as being purely investigatory in character. However, in amending that rule to provide for petitions for relief in all cases, the commission utilized the above-emphasized language in Bentley as a springboard to a "clear point of entry" to formal or informal section 120.57 proceedings, mandated by this Court in Capeletti Brothers, Inc. v. State, Department of Transportation, "after some recognizable event in investigatory ... proceedings ..." 362 So.2d at 348. See also Hasper v. Department of Labor & Employment Security, 459 So.2d 400, 402 (Fla 1st DCA 1984). The hearing officer correctly concluded that the rule is not arbitrary and capricious, and does conform to the commission's statutory authority in section 760.06(5), to "investigate ... hold hearings on, and act upon complaints" alleging discriminatory practice.
Finally, we agree with the hearing officer's conclusion that the omissions in the EIS are merely harmless error. The amended rule simply implements existing procedure under chapter 120.
For the foregoing reasons, the opinion of the hearing officer denying Publix' challenge to rule 22T-9.08(1) is AFFIRMED.
SMITH and SHIVERS, JJ., concur.
NOTES
[1] Section 760.06(13) authorizes the commission "[t]o adopt, promulgate, amend, and rescind rules to effectuate the purposes and policies of ss. 760.01-760.10 and govern the proceedings of the commission, in accordance with chapter 120."
[2] These rules are presently found in chapters 22T-8 and 22T-9, Florida Administrative Code, formerly numbered as chapters 9D-8 and 9D-9. Prior to amendment, the rules provided that a complaint could be filed by any person claiming to be aggrieved by an unlawful employment practice, and the allegations of the complaint would be investigated by the commission's staff. Upon completion of an investigation, the Executive Director would determine whether there was reasonable cause to believe that an unlawful employment practice had occurred. If the determination was that reasonable cause existed, the case moved on to conciliation, and, that failing, to the filing of a petition for relief, which petition would be set for a section 120.57 hearing.

However, if a determination was made by the Executive Director of no reasonable cause, the complaint would be dismissed unless the complainant filed a petition for redetermination. If a petition for redetermination was filed, a panel of the commission would meet, hear oral argument, and conduct a limited review of the issues. The Executive Director would be represented in such proceedings by staff counsel, who would defend the "no cause" determination. Following this review, the commission could either reverse the initial finding of no reasonable cause; remand the complaint for further investigation; or deny the petition and dismiss the complaint. Thus, a complainant was afforded a 120.57 hearing only upon a notice of determination of reasonable cause.
[3] The amendment was effective July 16, 1983.
[4] Subsection (4) provides:

This section [120.57] does not apply to agency investigations preliminary to agency action.