485 So.2d 818 (1986)
Jack A. GRIFFITH, Petitioner,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Respondent.
No. 66742.
Supreme Court of Florida.
March 27, 1986.
Robert Augustus Harper, Jr., Tallahassee, for petitioner.
Doris E. Jenkins, Asst. Gen. Counsel, Florida Parole and Probation Com'n, Tallahassee, for respondent.
EHRLICH, Justice.
In 1981, Griffith sought judicial review of an allegedly improper presumptive parole release date (PPRD) under section 120.68, Florida Statutes (1981). Griffith *819 filed the appeal within the 30-day period during which the First District Court of Appeal entertained belated section 120.68 administrative appeals following its decision in Daniels v. Florida Parole and Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981), approved, Roberson v. Florida Parole and Probation Commission, 444 So.2d 917 (Fla. 1983). See Jordan v. Florida Parole and Probation Commission, 403 So.2d 591 (Fla. 1st DCA 1981).[1]
The First District dismissed the appeal. Griffith v. Florida Parole and Probation Commission, No. AE-189 (Fla. 1st DCA July 1, 1981) (order dismissing appeal) (Griffith I). Griffith sought a writ of mandamus from this Court to require the district court to take jurisdiction of his appeal. This Court held the dismissal appeared to be error and remanded to the district court for reconsideration, but we did not issue a writ of mandamus to the district court. Griffith v. Florida Parole and Probation Commission, 451 So.2d 457 (Fla. 1984) (Griffith II).
On remand, the district court again dismissed the appeal, Griffith v. Florida Parole and Probation Commission, No. AE-189 (Fla. 1st DCA Sept. 28, 1984) (order dismissing appeal and certifying question) (Griffith III), relying on its decision in Rothermel v. Florida Parole and Probation Commission, 441 So.2d 663 (Fla. 1st DCA 1983). Rothermel held that chapter 83-78, Laws of Florida, divested the district courts of jurisdiction over all section 120.68 prisoner appeals of PPRD's, including those then pending. In Griffith III, the district court certified the same question it first certified in Rothermel, a question also certified by the Fourth District in Martines v. Florida Parole and Probation Commission, 448 So.2d 637 (Fla. 4th DCA 1984). The parties in Rothermel and Martines did not seek review in this Court, consequently this is the first opportunity the Court has had to consider the question:
Did the enactment of Chapter 83-78, Laws of Florida, terminate Section 120.68 appeals by prisoners from Florida Parole and Probation final action pertaining to presumptive parole release dates where such appeals had not been determined on the effective date of that legislative act?
Griffith III; Rothermel, 441 So.2d at 666; Martines, 448 So.2d at 638.
Griffith returned to this Court, asking us to issue the writ of mandamus we withheld in Griffith II. We accepted jurisdiction to consider the certified question. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the affirmative and approve the action of the district court in Griffith III.
Prior to Daniels, prisoners received equitable review of presumptive parole release dates by the vehicle of a petition for a writ of mandamus, pursuant to our decision in Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla.), cert. denied, 417 U.S. 935, 94 S.Ct. 2649, 41 L.Ed.2d 239 (1974). Subsequent to Moore, the legislature enacted chapter 120 (Administrative Procedure Act). Ch. 74-310, Laws of Fla. Section 120.68, Florida Statutes (1981),[2] provides for appeals from final administrative *820 action. Section 120.52(10)(d), Florida Statutes (1981),[3] declared prisoners were not parties for the purposes of obtaining a section 120.54(16) rule-making administrative hearing or a section 120.57 "substantial interest" administrative hearing. We held in Roberson that the 120.52(10) exemptions did not preclude prisoners from being parties for purposes of seeking judicial review of final Florida Parole and Probation Commission action by a section 120.68 appeal.
The legislature amended section 120.52(10) in 1983 by adding a sentence: "Prisoners shall not be considered parties in any other proceedings and may not seek judicial review under s. 120.68 of any other agency action." Ch. 83-78, § 1, Laws of Fla. The Rothermel court concluded this provision deprives the district court of jurisdiction under 120.68 to consider an appeal of a PPRD. This is correct. Article V, section 4(b)(2), Florida Constitution, provides for district court jurisdiction over "direct review of administrative action, as provided by general law." Chapter 83-78, a general law, expressly denies prisoners the right to section 120.68 review, and so the jurisdiction for such review found in Daniels and Roberson no longer exists. However, with the demise of section 120.68 jurisdiction, the situation has reverted to that situation existing at the time of Moore; judicial review is still available through the common law writs of mandamus, for review of PPRD's, and habeas corpus, for review of effective parole release dates. See, e.g., Wainwright v. Taylor, 476 So.2d 669 (Fla. 1985).
The issue at hand is slightly different: What becomes of cases pending at the time statutory jurisdiction is abolished? Again, the Rothermel court reached the correct conclusion  absent a savings clause preserving pending appeals, the courts lose jurisdiction.
When the very purpose of Congress is to take away jurisdiction, of course it does not survive, even as to pending suits, unless expressly reserved. Ex parte McCardle, [74 U.S. (7 Wall.) 506, 19 L.Ed. 264 (1869)], is the historic illustration of such a withdrawal of jurisdiction, of which less famous but equally clear examples are Hallowell v. Commons, 239 U.S. 506 [36 S.Ct. 202, 60 L.Ed. 409] [1916], and Bruner v. United States, 343 U.S. 112 [72 S.Ct. 581, 96 L.Ed. 786] [1952]. If the aim is to destroy a tribunal or take away cases from it, there is no basis for finding saving exceptions unless they are made explicit.
De La Rama S.S. Co. v. United States, 344 U.S. 386, 390, 73 S.Ct. 381, 383, 97 L.Ed. 422 (1953). It does not matter that the instant case has been appealed to a higher court, i.e. this Court: "When the root is cut the branches fall." Smallwood v. Gallardo, 275 U.S. 56, 62, 48 S.Ct. 23, 24, 72 L.Ed. 152 (1927). Jurisdiction is lost not only in the court of original jurisdiction, but also in the appellate court.
One reason for this conclusion is explained in McNulty v. Batty, 51 U.S. (10 How.) 72, 13 L.Ed. 333 (1850). In that case, appeal was taken from a decision of the then-territorial court of Wisconsin. While the appeal was pending, Wisconsin became a state. However, no provision was made for transferring cases which had been in the jurisdiction of the territorial court to the newly created state courts. Because of this oversight, the Supreme Court concluded that "there is no court in existence to which the mandate of this court could be sent to carry into effect our judgment. Our power, therefore, would be incomplete and ineffectual, were we to consent to a review of the case." Id. 51 U.S. at 79. In the instant case, any judgment we might render could not be given effect *821 since the district court is without jurisdiction to consider a section 120.68 appeal.
This Court has already recognized the principles followed by the Supreme Court. In State ex rel. Arnold v. Revels, 109 So.2d 1 (Fla. 1959), a change in a rule of court limited jurisdiction over bar discipline to the circuit court in the circuit where the attorney had his office. We found no distinction between abolishing jurisdiction by statute or by rule of court. Relying on Ex parte McCardle, 74 U.S. (7 Wall.) 506, 19 L.Ed. 264 (1869) (cited in De La Rama quote, supra), we found a pending disciplinary case could no longer be sustained in a court deprived of jurisdiction by the rule change. The district courts have followed this principle on at least two occasions. Williams v. Gund, 334 So.2d 314 (Fla. 2d DCA 1976) (statute shifting jurisdiction over actions for possession of real property from circuit to county courts, enacted subsequent to filing action in circuit court, deprived circuit court of jurisdiction over pending case); Gewant v. Florida Real Estate Commission, 166 So.2d 230 (Fla. 3d DCA 1964) (statute deprived Real Estate Commission of jurisdiction to discipline broker for acts committed prior to repeal of jurisdiction).
"Without jurisdiction, the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. And this is not less clear upon authority than upon principle." Ex parte McCardle, 74 U.S. (7 Wall.) at 514 (quoted in Revels, 109 So.2d at 4). Just as the district court lost jurisdiction, so too this Court has lost jurisdiction to grant relief. However, we do have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution, to answer the certified question.
Accordingly, the certified question is answered in the affirmative and the action of the district court approved.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, SHAW and BARKETT, JJ., concur.
NOTES
[1] Daniels and Roberson recognized a prisoner's right to appeal presumptive parole release dates under section 120.68. This represented a change in the method of judicial review, from a petition for mandamus, Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla.), cert. denied, 417 U.S. 935, 94 S.Ct. 2649, 41 L.Ed.2d 239 (1974), which was subject to no rigid time requirement for filing, to appeal under chapter 120, which required filing notice of appeal within 30 days of final Florida Parole and Probation Commission action. Because of this change,

to assure that inmates [were] on notice of the proper method of review the [First District] entertained such petitions [for writs of mandamus] for a 30-day period following Daniels even though not filed within 30 days of the final Commission action. Additionally, this 30-day grace period ... allowed inmates with a pre-Daniels final Commission order an opportunity to seek judicial review of same.
Jordan, 403 So.2d at 592.
[2] 120.68 Judicial review. 

(1) A party who is adversely affected by final agency action is entitled to judicial review... . A preliminary procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.
[3] The relevant part of § 120.52(10)(d), Fla. Stat. (1981), reads:

Prisoners as defined in s. 944.02(5) shall not be considered parties for the purposes of obtaining proceedings under s 120.54(16) or s. 120.57, nor shall parolees be considered parties for these purposes when the proceedings relate to the revocation of parole.