508 So.2d 1280 (1987)
Calvin L. FOX, Appellant,
v.
Jim SMITH, Attorney General, and the Department of Legal Affairs, State of Florida, Appellees.
No. 86-1187.
District Court of Appeal of Florida, Third District.
June 9, 1987.
Rehearing Denied July 20, 1987.
*1281 Calvin L. Fox, in pro. per.
Robert A. Butterworth, Atty. Gen., and Louis F. Hubener, Asst. Atty. Gen., for appellees.
Before BARKDULL, HENDRY and NESBITT, JJ.
PER CURIAM.
Calvin Fox, an Assistant Attorney General in the Miami branch of the Department of Legal Affairs (Department), challenges an action taken by Jim Smith, who was then Attorney General, concurring in the "Findings and Recommendations of Grievance Committee" in the matter of employee grievance proceedings instituted by the appellant.[1] Appellant contends that he is entitled to judicial review of the action taken by the Attorney General on behalf of the Department, pursuant to section 120.68(1), Florida Statutes (1985).[2] We dismiss the appeal based upon the following brief analysis.
The State alleges that the appellant is not entitled to judicial review of the Department's resolution of his grievances pursuant to section 120.68(1). The State contends that appellant's substantial interests were not at stake in the grievance proceedings and further argues that appellant has not demonstrated that resolution of his grievances in any way adversely affected his substantial employment interests or violated any law, regulation or departmental policy.
In order to have standing to seek judicial review of a final agency action pursuant to section 120.68(1), a person must show: (1) the action is final; (2) the agency is subject to the provisions of the Administrative Procedure Act; (3) he was a party to the action which he seeks to appeal; and (4) he was adversely affected by the action. Daniels v. Florida Parole & Probation Comm'n, 401 So.2d 1351, 1353 (Fla. 1st DCA 1981).
The mere fact that an individual may have the requisite standing to appear as a party before an agency at a de novo hearing does not necessarily mean that the party automatically has standing to appeal. Id. at 1354. Furthermore, an individual who participates in such a hearing by authorization of a statute or rule, or by permission of an agency, may not necessarily possess any interests which are adversely, or even substantially, affected by the proposed action. Id. at 1354.
*1282 After carefully reviewing the record and evidence before us we conclude that the matters raised by appellant below did not affect his substantial interests and thus did not entitle him to the full procedures of a section 120.57 hearing.[3]Martin v. School Bd. of Gadsden County, 432 So.2d 588 (Fla. 1st DCA 1983) (a substantial interest must be affected to trigger formal hearing under the Administrative Procedure Act, § 120.57). We further conclude that appellant is not entitled to appellate review pursuant to section 120.68(1), since he was not adversely affected by the Department's resolution of his grievances.
For these reasons, we dismiss the appeal without prejudice to Fox's assertion of other remedies which may be available to him.
Appeal dismissed.
NOTES
[1] We note that one of appellant's grievances was that Chapter 85-318, Laws of Florida, which removed Department attorneys from the Career Service System and placed them in the Select Professional Service classification, is unconstitutional. The Florida Supreme Court recently upheld this law, holding that Chapter 85-318 may be constitutionally applied to state employees [such as appellant] who had permanent status as of October 1, 1985. Department of Corrections v. Florida Nurses Ass'n, 508 So.2d 317 (Fla. 1987).
[2] Section 120.68(1) provides that "[a] party who is adversely affected by final agency action is entitled to judicial review."

Section 120.52(11) defines "party" in relevant part as follows:
"(a) Specifically named persons whose substantial interests are being determined in the proceeding."
[3] In his brief, appellant cites to section 120.57, which is entitled "Decisions which affect substantial interests," and which specifically states that "[t]he provisions of this section apply in all proceedings in which the substantial interests of a party are determined by an agency... ." Appellant contends that "the spirit, if not the letter of section 120.57 should apply here." However, the record is devoid of any indication that appellant requested that the grievance proceedings be conducted pursuant to section 120.57. Moreover, section 120.57(4) explicitly states that section 120.57 "does not apply to agency investigations preliminary to agency action." The State contends that in the instant case the grievance committee inquiry, to determine whether any agency action was warranted in response to the grievances, was therefore not subject to section 120.57 hearing requirements. See Commission on Human Relations v. Bentley, 422 So.2d 964 (Fla. 1st DCA 1982).