648 So.2d 742 (1994)
Philip Charles BODENSTAB, M.D.,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICINE, Appellee.
No. 93-642.
District Court of Appeal of Florida, First District.
August 26, 1994.
Rehearing Denied February 16, 1995.
John J. Chamblee, Jr., Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Allen R. Grossman, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
The appellant seeks review of the Board of Medicine's Order on Reconsideration, in which the Board reconsidered its earlier denial of appellant's application for licensure and found the appellant eligible for licensure by endorsement. Because the appellant has not been adversely affected by the Board's action, we dismiss the appeal for lack of standing.
Dr. Bodenstab is an Illinois physician who sought licensure by endorsement in Florida. Initially, the Board denied the application, citing contradictions in Bodenstab's testimony, his failure to disclose his educational background, failure to disclose a denial of hospital privileges, and Bodenstab's combative personality. A formal hearing was requested, but the parties obtained a continuance from the hearing officer based upon a stipulation for adjournment that cited new evidence constituting a basis for the Board's reconsideration. Upon considering the new evidence, the Board entered its Order on Reconsideration granting licensure. The Order *743 specifically noted that Dr. Bodenstab had not been denied hospital privileges, and that colleagues had found him to be a competent physician of good moral character whose ability was not compromised by personality problems. More generally, the Order accepted "as resolved" each of the concerns previously stated by the Board. The hearing officer closed the DOAH file based upon the Board's action.
On appeal, Dr. Bodenstab argues that the Board actually repudiated the stipulation, which, according to Bodenstab, required the Board to specifically incorporate in its Order the new evidence that was favorable to Bodenstab. Thus, Bodenstab maintains that the Board's Order, as written, abandons the "name-clearing" function that the parties provided for in their stipulation.
The record itself is sufficient to refute Dr. Bodenstab's argument. The stipulation makes no mention of its incorporation into the Board's Order. To the contrary, counsels' statements to the hearing officer and the Board indicate that the stipulation only summarized the new evidence that formed the basis for reconsidering the application; the Board did not stipulate to the particular facts so summarized. It is also unclear how the Order abandoned the "name-clearing" function cited by Dr. Bodenstab. The order specifically addressed and resolved the concerns about the denial of hospital privileges and the applicant's personality; the other grounds for denial were more generally found to have been resolved. By all accounts, the Order left Bodenstab's reputation intact, and a reasonable reader could only conclude that Dr. Bodenstab's reputation was as good as any of the Florida physicians he had been invited to join.
Parties who are "adversely affected by final agency action" are entitled to seek judicial review pursuant to section 120.68(1), Florida Statutes (1993). The judicial review provision requires a showing that: (1) the action is final; (2) the agency is subject to the provisions of the Administrative Procedure Act; (3) the appellant was a party to the action; and (4) the appellant was adversely affected by the action. Daniels v. Florida Parole & Probation Comm'n, 401 So.2d 1351, 1353 (Fla. 1st DCA 1981).
In the instant case, Dr. Bodenstab was granted licensure, and we reject the suggestion that he was adversely affected by such action. Nor are we persuaded by Dr. Bodenstab's reliance upon Rabren v. Department of Professional Regulation, 568 So.2d 1283 (Fla. 1st DCA 1990), which we find distinguishable.
In Rabren, the Board of Pilot Commissioners brought charges against the license of a pilot. A hearing officer recommended dismissal, and the Board adopted the recommendation, but the order by which the Board dismissed the charges contained conclusions of law that were the basis for further action already commenced against the pilot's license. The pilot appealed the order dismissing the charges and, though he was obviously not "adversely affected" by the dismissal, this court concluded that he had standing to seek review. Acknowledging that it was a close case, the court noted that the challenged conclusions of law were part of the Board's action, and their adverse impact was already being felt by the pilot against whom new charges were pending. In the instant case by contrast, neither the outcome (i.e., licensure), nor any portion of the Board's Order can be said to adversely affect Dr. Bodenstab. Consequently, Dr. Bodenstab is not entitled to appellate review.
Appeal dismissed.
BARFIELD, MINER and MICKLE, JJ., concur.